## 41145. MOORE v. MOORE.
### (317 SE2d 529)

MARSHALL, Presiding Justice.

This divorce case is here following our grant of an application to appeal. The question for decision is whether the plaintiff had the right to voluntarily dismiss his complaint. These are the facts:

On July 28, 1981, plaintiff-appellee (former husband) filed a petition for divorce against defendant-appellant (former wife). The petition requests a divorce on the ground that the marriage is irretrievably broken. It is alleged in the petition that there are no minor children of the marriage and no property rights to be adjudicated. The defendant answered the petition, denying that the marriage is irretrievably broken and that there are no property rights to be adjudicated. In the answer, the defendant requested a jury trial as to all issues.

On September 22, 1981, the plaintiff filed a motion for partial summary judgment on the issue of divorce. Pursuant to this motion, the superior court granted the divorce on October 27, 1981. In the divorce decree, the court reserved for future determination all other matters including, but not limited to, division of assets and attorney fees.

For approximately one year, the parties engaged in discovery. At the final hearing on October 25, 1982, the plaintiff sought to dismiss the complaint; however, no motion to dismiss was served on the defendant. The defendant objected to the dismissal. The court delayed ruling on the requested dismissal and directed the parties to file briefs on the question. On October 29, 1982, the defendant filed a counterclaim requesting division of the parties' assets, attorney fees, and other relief. Subsequently, on December 8, 1983, the plaintiff filed a voluntary dismissal together with a certificate of service on the defendant. The defendant responded by filing a motion to strike the dismissal.

On February 6, 1984, the court entered an order ruling that the plaintiff's complaint was effectively dismissed on December 8, 1983. In so ruling, the court reasoned that the proper method for the defendant to have preserved for trial the issues other than divorce would have been through the timely filing of a counterclaim. The court concluded that since the defendant did not file her counterclaim until approximately 14 months after filing her answer, and since she did not obtain permission of the court for the late filing of the counterclaim as required by OCGA § 9-11-13 (f), the counterclaim was not properly before the court. The court further concluded that since the plaintiff's voluntary dismissal of December 8, 1983, was served on the defendant, it was proper under OCGA § 9-11-5. Accordingly, as previously stated, the court ruled that the plaintiff's complaint was effec-

tively dismissed on December 8, 1983. *Held*: We reverse.

We hold that after a plaintiff files suit for divorce and obtains it on motion for partial summary judgment, the plaintiff cannot then dismiss the complaint so as to deprive the court of jurisdiction over issues preserved by the order granting partial summary judgment.

In addition, as held in *McClarty v. McClarty*, 223 Ga. 813 (1) (158 SE2d 236) (1967), a plaintiff may not voluntarily dismiss his complaint after the defendant has filed defensive pleadings seeking affirmative or other relief. This holding is in line with OCGA § 9-11-41 (a), which provides, in pertinent part: "If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." "This counterclaim limitation on voluntary dismissals has been liberally construed so as to do substantial justice where the plaintiff seeks to voluntarily dismiss in the face of affirmative relief being sought by the defendant. See *Worthen v. Jones*, 240 Ga. 388 (240 SE2d 842) (1977) and cits." *Sandifer v. Lynch*, 244 Ga. 369, 372, 373 (260 SE2d 78) (1979). Although the defendant here did not initially file a counterclaim, she did seek affirmative relief in her answer, and this relief was the subject of discovery engaged in by the parties long before the dismissal by the plaintiff was sought. This too was sufficient to prevent the plaintiff from being allowed to automatically dismiss. See *Sandifer v. Lynch*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 2, 1984 — REHEARING DENIED JULY 30, 1984.

*Lee & Clark, Laura M. Christian*, for appellant.
*Noble L. Boykin, Jr., John Wright Jones*, for appellee.