A89A0879. DELTA AIR LINES, INC. v. VAN DIVIERE.

(384 SE2d 272)

SOGNIER, Judge.

Cheryl Van Diviere brought a personal injury action in Fulton County Superior Court against Delta Air Lines, Inc. The suit proceeded to trial but the jury was unable to return a verdict in favor of either party and a mistrial was declared. Van Diviere thereafter voluntarily dismissed her suit pursuant to OCGA § 9-11-41 (a) and refiled it in Fulton County State Court. The superior court denied

Delta's objection to Van Diviere's voluntary dismissal and this appeal ensued.

Appellant contends the superior court's order was erroneous because appellee could not voluntarily dismiss her case without a court order under OCGA § 9-11-41 (a). OCGA § 9-11-41 (a) provides in relevant part that "an action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the plaintiff rests his case. After the plaintiff rests his case, permission and an order of the court must be obtained before dismissal." Here, because the jury was not able to reach a verdict in the first trial, a second trial was necessary, with the result that the case was still pending. *Willis v. Hill*, 116 Ga. App. 848, 872-873 (6) (159 SE2d 145) (1967), rev'd on other grounds, 224 Ga. 263 (161 SE2d 281) (1968); see also *Wade v. Penn*, 88 Ga. App. 20 (1) (75 SE2d 845) (1953). Thus, we agree with the superior court that the practical effect of the mistrial was to return the parties to a pre-trial status. Because "the terminology, 'before the plaintiff rests his case' [in OCGA § 9-11-41 (a)] obviously has reference . . . to the actual trial of a case rather than to [matters prior to trial]," *Muhanna v. O'Kelley*, 185 Ga. App. 220, 221 (363 SE2d 626) (1987), and because the second trial of appellee's suit in superior court had not commenced at the time appellee voluntarily dismissed her suit, we find no error in the superior court's ruling that appellee was statutorily entitled to dismiss her suit without the court's permission, thereby denying appellant's objection to that dismissal. See generally id. Nothing in *Griggs v. Columbus Bank &c. Co.*, 188 Ga. App. 741, 743 (374 SE2d 347) (1988), cited by appellant, intimates a different result since an "untenable position" faced by a plaintiff, as referenced therein, clearly encompasses a situation where, as asserted by appellee in her brief, the rescheduling of a case on the general trial calendar docket may lead to a prolonged and "untenable" delay before the case is retried.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JULY 10, 1989.

*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, Mark G. Trigg*, for appellant.

*Bedford, Kirschner & Venker, Andrew R. Kirschner, Thomas J. Venker*, for appellee.