A89A2154. LeROUX v. LEVINE et al.
(390 SE2d 629)

BANKE, Presiding Judge.

The appellant sued the appellees to recover for the alleged wrongful death of her husband due to medical malpractice. During the trial of the case, the appellees moved for a directed verdict, contending that there was a failure of proof on the issue of proximate cause. The trial court did not grant the motion, and the case was submitted to the jury; however, a mistrial was thereafter declared due to the inability of the jurors to agree upon a verdict. The appellees then filed a timely motion for judgment notwithstanding the mistrial, which the trial court took under advisement. Prior to the entry of any ruling on that motion, the appellant filed a "dismissal without prejudice." The appellees moved to strike the dismissal, and the trial court did so, simultaneously granting the motion for judgment notwithstanding mistrial. On appeal, the appellant contends that the trial court was divested of jurisdiction to consider the motion for judgment notwithstanding the mistrial following the filing of her voluntary dismissal. *Held*:

OCGA § 9-11-41 (a), as amended by Ga. L. 1986, p. 816, § 1, specifies, in pertinent part, as follows: "Subject to the provisions of . . .

any [other] statute, an action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the plaintiff rests his case. After the plaintiff rests his case, permission and an order of the court must be obtained before dismissal." Prior to the 1986 amendment, the Code section had permitted voluntary dismissal by the plaintiff without permission of the court "at any time before verdict." OCGA § 9-11-41 (a) (Ga. L. 1966, p. 609, § 41).

Relying on *Delta Air Lines v. Van Diviere*, 192 Ga. App. 207 (384 SE2d 272) (1989), the appellant contends that although she may have temporarily lost the right to file a voluntary dismissal without the permission of the court upon resting her case, she reacquired the right after the court declared a mistrial. In that case, we held that a plaintiff was statutorily entitled to dismiss without the court's permission following the grant of a mistrial and before commencement of a second trial, "because the practical effect of [a] mistrial [is] to return the parties to a pre-trial status." Id. at 208. However, where a motion for judgment notwithstanding mistrial remains pending at the time the dismissal is filed, the parties clearly have not yet been "return[ed] to a pre-trial status." Accordingly, we do not consider the *Delta Air Lines* holding to be controlling in the present case.

The appellees contend that the trial court retained the authority to rule on the sufficiency of the plaintiff's evidence under OCGA § 9-11-50 (b), which provides in pertinent part as follows: "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to later determination of the legal questions raised by the motion. . . . [I]f a verdict was not returned, [a] party . . . may move for judgment in accordance with his motion for a directed verdict. . . . If no verdict was returned, the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial." The appellees argue that because this Code section expressly permits the trial court to reconsider its decision not to direct a verdict in cases where no verdict is reached by the jury, OCGA § 9-11-41 (a) should not be interpreted as permitting the plaintiff to prevent such reconsideration by the expedient of filing a voluntary dismissal. We agree. Construing the provisions of OCGA §§ 9-11-41 (a) and 9-11-50 (b) together, as we are required to do, we accordingly hold that where a mistrial has been declared due to the inability of the jury to reach a verdict and the defendant thereafter files a timely motion for judgment notwithstanding the mistrial, the plaintiff's right of voluntary dismissal is not restored unless and until that motion has been denied. Inasmuch as the court's decision to grant the motion for judgment notwithstanding the mistrial in the present case has not been attacked on its merits, the

judgment appealed from is accordingly affirmed.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 2, 1990.

*Freeman & Hawkins, Paul M. Hawkins, Robert U. Wright,* for appellant.

*Alston & Bird, Judson Graves, Bryan A. Vroon,* for appellees.