A92A1367. HARDWICK-MORRISON COMPANY v. MAYLAND et al.
(425 SE2d 416)

COOPER, Judge.

Appellant is a corporation in the business of selling industrial pumps. Appellee Lawrence Mayland is a former salesman, shareholder and member of the board of directors of appellant. Mayland resigned from his employment with appellant and set up a corporation to compete with appellant in the industrial pump market. Appellant filed a complaint against Mayland and his corporation (hereinafter "appellees") alleging tortious interference with business relations, misappropriation of business opportunities and breach of fiduciary duties. Appellees counterclaimed for payment of stock and commissions and tortious interference with business relations, seeking damages as well as litigation expenses and attorney fees. The parties engaged in discovery for several months, and on March 28, 1991, appellant voluntarily dismissed its complaint without prejudice pursuant to OCGA § 9-11-41 (a). Appellees subsequently amended their counterclaim by dismissing all claims except their claim for litigation expenses and attorney fees. The trial court treated appellees' counterclaim as a motion for attorney fees brought pursuant to OCGA § 9-15-14 and awarded appellees $15,000 in attorney fees. We granted appellant's discretionary appeal to determine whether the trial court's award of attorney fees was proper.

Appellant contends that the trial court erred in considering appellees' counterclaim for litigation expenses and attorney fees after appellees failed to object to the voluntary dismissal of the case. In an action containing a counterclaim, the failure of a defendant to object

to a properly written and filed voluntary dismissal of the main action results in the counterclaim's dismissal. OCGA § 9-11-41 (a); *Moore v. McNair*, 145 Ga. App. 888 (245 SE2d 25) (1978). Appellant also argues that the trial court erred in considering appellees' counterclaim as a motion pursuant to OCGA § 9-15-14 (b). OCGA § 9-15-14 (b) provides that "[t]he court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party *or the court itself*, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. . . ." (Emphasis supplied.) Notwithstanding whether the trial judge had authority to treat appellees' counterclaim as a motion under OCGA § 9-15-14 (b), the trial judge had authority under that Code section to award attorney fees sua sponte upon finding a lack of substantial justification or unnecessary expansion of the proceeding by improper conduct. *Market Ins. Corp. v. IHM, Inc.*, 192 Ga. App. 441 (3) (385 SE2d 307) (1989), overruled in part on other grounds in *Fowler v. Vineyard*, 261 Ga. 454 (2) (405 SE2d 678) (1991).

However, since the trial court's order does not include findings of conduct which would authorize the award of attorney fees under OCGA § 9-15-14, the trial judge's order must be vacated. *Porter v. Felker*, 261 Ga. 421 (3) (405 SE2d 31) (1991); *Coker v. Mosley*, 259 Ga. 781 (2c) (387 SE2d 135) (1990). The case is remanded with direction that the trial judge vacate the order, prepare appropriate findings of fact and enter a new judgment thereon, after which the losing party may appeal.

*Judgment reversed and remanded with direction. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 23, 1992.

*Webb & Daniel, Harold T. Daniel, Jr., Marcia D. Ernst, Linda K. Thompson*, for appellant.
*Black & Black, Adrienne Black, John K. Dunlap*, for appellees.