S95A0722. AVNET, INC. et al. v. WYLE LABORATORIES, INC. et al.
(461 SE2d 865)

HUNSTEIN, Justice.

Shortly after the April 1993 merger of Avnet, Inc. and Hall-Mark Electronics Corporation, numerous east coast Hall-Mark employees began accepting positions with Avnet's competitor, Wyle Laboratories. In May 1993 Avnet and Hall-Mark (hereinafter "Avnet") brought suit in Georgia against Wyle and Georgia resident James Haraway, a former Hall-Mark vice-president who had been hired by Wyle, asserting causes of action for, inter alia, malicious interference with employment relationship, unfair competition, and breach of fiduciary duty. Wyle and Haraway answered and filed a compulsory counterclaim, in which they set forth essentially the same causes of action that Avnet had asserted against them. In June 1993 Avnet brought

suit in Florida against two former Hall-Mark managers who were Florida residents, asserting the same basic claims it had raised in the Georgia action. Avnet was aware by this time that five other former Hall-Mark managers (residents of New Jersey, Minnesota, Illinois, and Wisconsin), had also obtained employment with Wyle.

Avnet vigorously litigated its case in Georgia.[1] However, fifteen months after filing the Georgia action, Avnet sought leave in Florida to amend its complaint to add Haraway, Wyle, and the five other former Hall-Mark managers as defendants. In response, Haraway and Wyle petitioned the Georgia court to enjoin Avnet from involving them in the Florida action. On the day the Florida court granted Avnet leave to amend, Avnet filed a motion to stay the Georgia action pending resolution of the Florida action. After the Georgia court granted injunctive relief to the Georgia defendants and denied Avnet's motion to stay the Georgia litigation, Avnet filed a motion to voluntarily dismiss its case in Georgia, see *Mote v. Helmly*, 169 Ga. App. 475 (1) (313 SE2d 493) (1984), to which Haraway and Wyle objected. The Georgia court denied this motion and Avnet appeals, enumerating error in all of the court's rulings.

1. Avnet contends the trial court erred by denying its motion to dismiss voluntarily its complaint. OCGA § 9-11-41 (a) provides that, subject to certain restrictions not applicable here,

> an action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the plaintiff rests his case. . . . If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.

While a plaintiff is entitled to voluntarily dismiss an action without prejudice despite the inconvenience and irritation to the defendant, e.g., *C & S Industrial Supply Co. v. Proctor & Gamble &c. Co.*, 199 Ga. App. 197 (404 SE2d 346) (1991), this Court, consistent with our position of liberally construing the counterclaim limitation in OCGA § 9-11-41 (a),[2] has held that "a plaintiff may not voluntarily

---

[1] The parties engaged in extensive discovery and have previously sought appellate review of rulings in this case. See *Avnet v. Wyle Laboratories*, 263 Ga. 615 (437 SE2d 302) (1993).

[2] See, e.g., *Sandifer v. Lynch*, 244 Ga. 369 (3) (260 SE2d 78) (1979); *Worthen v. Jones*, 240 Ga. 388 (240 SE2d 842) (1977); *Jones v. Burton*, 238 Ga. 394 (233 SE2d 367) (1977).

dismiss his complaint after the defendant has filed defensive pleadings seeking affirmative or other relief." *Moore v. Moore*, 253 Ga. 211, 212 (317 SE2d 529) (1984). However, a demand for affirmative relief is an essential part of *any* well-pled counterclaim. See *Trust Co. Bank of Northwest Ga. v. Shaw*, 186 Ga. App. 347, 348 (367 SE2d 82) (1988). Hence, appellees argue that under *Moore v. Moore*, supra, the mere filing of their compulsory counterclaim barred appellant from voluntarily dismissing its complaint. We do not agree.

Appellees' construction of OCGA § 9-11-41 (a) would preclude a plaintiff from voluntarily dismissing a complaint in every instance where the defendant sought "affirmative relief" in a defensive pleading, i.e., filed a counterclaim, and would have the result of eviscerating that language in OCGA § 9-11-41 (a) authorizing voluntary dismissal in those instances where a counterclaim can remain pending for independent adjudication by the court. The construction urged by appellees is not supported by *Moore v. Moore*, supra, and runs contrary to those cases recognizing that the filing of defensive pleadings seeking affirmative relief, even in the form of a compulsory counterclaim, does not automatically bar the plaintiff from voluntarily dismissing his or her complaint. See, e.g., *Moore v. Memorial Med. Center*, 258 Ga. 696 (373 SE2d 204) (1988); *Maslia v. Maslia*, 243 Ga. 44 (252 SE2d 469) (1979). See also *Weems v. Weems*, 225 Ga. 19 (2) (165 SE2d 733) (1969) (counterclaim not necessarily subject to dismissal because of dismissal of main complaint); *Young v. Jones*, 140 Ga. App. 66 (2) (230 SE2d 32) (1976) (while compulsory counterclaim may in some instances be considered as offsetting to the main claim, in other instances it may be independent of the main claim and capable of judicial resolution even after the main claim is dismissed).

Accordingly, we hold that under the proper construction of OCGA § 9-11-41 (a), a trial court, when considering a plaintiff's motion to dismiss voluntarily where a counterclaim is pending, cannot limit its review to the mere filing of defensive pleadings seeking affirmative relief, but must look further to consider whether the claim seeking that affirmative relief can remain pending for independent adjudication by the court once the main claim has been dismissed.

In the case sub judice, although the affirmative relief sought by appellees here was a compulsory counterclaim, appellees' claim can be independently adjudicated upon the dismissal of Avnet's claim. Accordingly, the trial court erred by denying Avnet's motion to voluntarily dismiss its complaint.

2. Because Avnet was entitled to dismiss its complaint, see Division 1, supra, and because voluntary dismissal of a complaint concluded the case so far as Avnet's prayers were concerned, *Page v. Holiday Inns*, 245 Ga. 12 (262 SE2d 783) (1980); *American Legion v. Miller*, 183 Ga. 754 (1) (189 SE 837) (1937), any error resulting from

the trial court's earlier rulings in the case, i.e., the granted injunctive relief and the denied motion to stay the Georgia action, is now moot. See *Otonicar v. Shoreline Towers Phase I Condo. Assn.*, 191 Ga. App. 632 (382 SE2d 418) (1989).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 18, 1995 —
RECONSIDERATION DENIED OCTOBER 16, 1995.

*Kilpatrick & Cody, Matthew H. Patton, William H. Brewster, James F. Bogan III*, for appellants.

*Bondurant, Mixson & Elmore, Emmet J. Bondurant II, Dirk G. Christensen, Jeffrey D. Horst, Joshua F. Thorpe*, for appellees.