## A97A1366. SOUTHERN ELECTRONICS DISTRIBUTORS, INC. v. MARSH.

(495 SE2d 43)

POPE, Presiding Judge.

After Charles Marsh left the employ of Southern Electronics Distributors, Inc. ("SED") and began working for one of SED's competitors, SED sued Marsh for violating several restrictive covenants Marsh had executed. Subsequently, SED and Marsh settled the lawsuit. When Marsh began working for another one of SED's competitors, however, SED filed a second lawsuit against Marsh. In his answer to this second lawsuit, Marsh asserted a counterclaim in which he contended that SED had tortiously interfered with his business relationships and had breached a release provision contained in the settlement agreement reached in the first case. He also alleged that SED's filing of the second lawsuit demonstrated that SED never intended to abide by the terms of the settlement agreement reached in the first case, and thus, that SED had fraudulently induced him into entering into that agreement. Marsh further sought a declaratory judgment that the restrictive covenants in question were unenforceable and, pursuant thereto, an injunction to prevent any future attempts by SED to enforce the covenants.

Approximately one and one-half months after Marsh filed his answer and counterclaim, SED filed a voluntary dismissal of its claims without prejudice pursuant to OCGA § 9-11-41 (a). Thirty-four days later, Marsh moved for partial summary judgment. In his motion, Marsh claimed that as a matter of law the restrictive covenants were unenforceable and that the release provisions contained in the settlement agreement reached in the first case barred any suit against him to enforce any restrictive covenants. Marsh also claimed that he was entitled to the abovementioned injunctive relief, as well as costs and attorney fees. SED moved to strike Marsh's partial summary judgment motion and dismiss his counterclaim contending that he had waived his right to pursue the motion and counterclaim. The trial court denied SED's motion, but certified the matter for immediate appellate review. We granted SED's subsequent application for interlocutory appeal.

1. Pursuant to OCGA § 9-11-41 (a): "[A]n action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the plaintiff rests his case. . . . If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." In this case, SED argues that Marsh never objected to the filing of SED's voluntary dismissal as required to preserve his coun-

terclaim, and that by failing to do so, he waived any rights he had to pursue the counterclaim or summary judgment as to any portion thereof. See *D. P. S. Indus. v. Safeco Ins. Co. of America,* 210 Ga. App. 289 (1) (435 SE2d 762) (1993); *Moore v. McNair,* 145 Ga. App. 888 (245 SE2d 25) (1978). We cannot agree.

Marsh's filing and service of his partial summary judgment motion following SED's filing of the voluntary dismissal clearly put SED on notice that despite the filing of its proposed dismissal, Marsh intended to pursue his counterclaim and did not consent to or acquiesce in having his counterclaim dismissed. Consequently, Marsh's filing and service of his partial summary judgment motion served the same purpose and fulfilled the same goal as a formal objection. To hold otherwise would be to place form over substance, which cannot be allowed in cases like this. See *Johnson v. Hamilton,* 211 Ga. App. 268, 270 (2) (a) (438 SE2d 715) (1993). Moreover, to hold otherwise would be to ignore the well established rule that the "counterclaim limitation on voluntary dismissals [found in OCGA § 9-11-41 (a) should be] liberally construed so as to do substantial justice [in cases like this] where the plaintiff seeks to voluntarily dismiss in the face of affirmative relief being sought by the defendant." (Citations omitted.) *Moore v. Moore,* 253 Ga. 211, 212 (317 SE2d 529) (1984).

Accordingly, we conclude that Marsh's partial summary judgment motion constituted sufficient objection within the meaning of OCGA § 9-11-41 (a) to prevent the automatic dismissal of his counterclaim pursuant to SED's filing of its voluntary dismissal. We are not persuaded to the contrary by any of the cases relied on by SED. With the exception of *Hardwick-Morrison Co. v. Mayland,* 206 Ga. App. 426 (425 SE2d 416) (1992), none of those cases contained record evidence of the existence of any action taken by a defendant *after* the filing of a voluntary dismissal, and thus, no evidence that could be construed as a response or objection to the filing of a voluntary dismissal under OCGA § 9-11-41 (a). And the action taken by the defendant in *Mayland* after the plaintiff in that case filed its voluntary dismissal, in substance amounted to no more than the restatement of that defendant's original counterclaim for attorney fees and litigation expenses. Id. That mere restatement is not equivalent to the substantive partial summary judgment motion Marsh filed here, which clearly and authoritatively notified all concerned of Marsh's determination to affirmatively pursue portions of his counterclaim against SED following the filing of SED's voluntary dismissal. Thus, *Mayland* is distinguishable from the case at bar.

2. We reject SED's contention that even if Marsh's partial summary judgment motion constituted an objection within the meaning of OCGA § 9-11-41 (a), it was not timely. Absent any statutory mandate regarding the issue of timeliness as it relates to the filing of

such an objection, it was within the trial court's sound discretion to determine the issue. And we find no clear abuse of that discretion in the trial court's determination that the filing of Marsh's motion for partial summary judgment, viewed as an objection, 34 days after SED filed its voluntary dismissal, and within the same term of court as the proposed dismissal, was timely.

In light of the above, the trial court did not err in refusing to grant SED's motion to strike Marsh's partial summary judgment motion and dismiss Marsh's counterclaim.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 20, 1997 —
RECONSIDERATION DENIED DECEMBER 15, 1997.

*Fisher & Phillips, Charles A. Hawkins II, Allison E. Thornton,* for appellant.

*Gambrell & Stolz, Irwin W. Stolz, Jr., Robert G. Brazier, Seaton D. Purdom,* for appellee.