A00A0035. CECIL T. ALLGOOD, INC. v. STARK PROPERTIES, INC.
(534 SE2d 858)

ANDREWS, Presiding Judge.

Cecil T. Allgood, Inc. (Allgood) sued Stark Properties, Inc. (Stark) for conversion of its corporate assets claiming that Stark wrongfully refused to return the assets after the parties mutually terminated a contract transferring the assets. Allgood voluntarily dismissed the suit under OCGA § 9-11-41 (a), then refiled it after the expiration of the statute of limitation under the renewal provisions of OCGA § 9-2-61 (a). The trial court dismissed the second suit finding that the trial court in the first suit directed a verdict in favor of Stark and that this precluded Allgood's voluntary dismissal and renewal of the suit. Allgood appeals from this ruling and from the trial court's denial of its motion for partial summary judgment on the conversion claim.

1. In November 1992, the trial court in the first suit orally directed a verdict in favor of Stark and dispersed the jury. The ruling

---

was not reduced to writing, and no judgment was ever entered in the case. Over two years later on June 5, 1995, the trial court informed the parties by letter that it had reconsidered its grant of a directed verdict, that it now concluded entry of a directed verdict was not appropriate, and that it was granting the parties the right to a new trial.[1] Allgood subsequently voluntarily dismissed the first suit on June 6, 1997, pursuant to OCGA § 9-11-41 (a), and filed the second suit under the renewal provisions of OCGA § 9-2-61 (a) on November 25, 1997.

An oral announcement of a ruling terminating the litigation will preclude voluntary dismissal under OCGA § 9-11-41 (a) even though the ruling is not reduced to writing. *Jones v. Burton*, 238 Ga. 394, 395-396 (233 SE2d 367) (1977); *Leary v. Julian*, 225 Ga. App. 472, 473 (484 SE2d 75) (1997). But this rule did not apply in the present case because, prior to the voluntary dismissal, the trial court reconsidered and vacated its oral grant of a directed verdict without entering a final judgment.[2]

We conclude that the first trial court's actions were analogous to the grant of a mistrial requiring a second trial, with the practical effect that the case was still pending, and the parties were returned to a pretrial status. *Delta Air Lines v. Van Diviere*, 192 Ga. App. 207, 208 (384 SE2d 272) (1989). Accordingly, Allgood's voluntary dismissal of the first suit was effective under OCGA § 9-11-41 (a), and the second suit filed within six months of the dismissal was a timely renewal under OCGA § 9-2-61 (a). Id. The trial court erred by dismissing Allgood's renewed suit.

2. Allgood contends the trial court also erred by denying its motion for partial summary judgment on the conversion claim. Allgood argued in the motion that there is no factual dispute that Stark converted some of the assets at issue. The affidavit filed by Stark in opposition to partial summary judgment was sufficient to create a factual issue as to these assets. The trial court correctly denied Allgood's motion for partial summary judgment. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment affirmed in part and reversed in part. Ruffin and Ellington, JJ., concur.*

---

[1] Although Allgood filed a notice of appeal from the trial court's grant of the directed verdict, this was not an appealable judgment, so the attempted appeal did not divest the trial court of jurisdiction. *Boatright v. Sunshine Toyota*, 177 Ga. App. 332 (339 SE2d 275) (1985).

[2] Despite the passage of over two years after orally granting the directed verdict, the trial court had continuing jurisdiction to consider whether to enter a final judgment on the ruling. *Jefferson v. Ross*, 250 Ga. 817, 818 (301 SE2d 268) (1983).

DECIDED MAY 19, 2000.

*Kerry S. Doolittle*, for appellant.
*Ham, Jenkins, Wilson & Wangerin, Phillip B. Ham*, for appellee.

