**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 31, 2013**

# In the Court of Appeals of Georgia

A13A1523. TARGET NATIONAL BANK v. LUFFMAN et al.

BOGGS, Judge.

This appeal illustrates an earlier observation by this court: "The magistrate courts of Georgia are not courts of record, and this can raise procedural issues that the parties may wish to avoid. [Cit.]" *America Net v. U. S. Cover*, 243 Ga. App. 204, 207 (1) n.3 (532 SE2d 756) (2000). Here, the superior court granted appellees' motion to dismiss on the ground of res judicata on the basis that appellant voluntarily dismissed prior claims in magistrate court without leave of court. But nothing in the record or the law supports such a dismissal, and we therefore reverse.

The scant record before us indicates that appellant Target National Bank ("Target") filed a complaint on account in superior court against appellants Brian K. Luffman and Jessica A. Luffman ("the Luffmans"). The Luffmans answered pro se,

asserting 23 affirmative defenses and counterclaiming against Target and 10 "Doe" defendants for malicious and negligent abuse of process, invasion of privacy, violation of the federal and state Fair Debt Collection Practices Acts, and intentional and negligent infliction of emotional distress and mental anguish.[1]

The Luffmans also moved to dismiss the complaint, alleging that it was barred by res judicata because Target had previously sued on the same claims, and then filed voluntary dismissals in the magistrate court "without order or permission from the Court." The Luffmans asserted that because they had given sworn testimony in the magistrate court, a voluntary dismissal therefore was barred by OCGA § 9-11-41 (a). They argued that the improper voluntary dismissal constituted an involuntary dismissal and an adjudication on the merits, and that Target's complaint was therefore barred by res judicata. The trial court apparently agreed and granted the motion to dismiss.

---

[1]We note that the certificates of service filed below and in this court by the Luffmans are signed by an otherwise unidentified and self-described non-party, one Marni Mason. Mason does not appear to be an attorney. While this is improper, it has no effect on this appeal. See OCGA § 9-11-5 (b) "Proof of service may be made by certificate of an attorney or of his or her employee, by written admission, by affidavit, or by other proof satisfactory to the court. *Failure to make proof of service shall not affect the validity of service*." (Emphasis supplied.)

The only documents in the record that appear to have originated from magistrate court are copies stamped "filed" and attached as exhibits to a "declaration" by Mrs. Luffman: an order to produce documents and two voluntary dismissals. Nothing appears to have been transmitted to superior court from the magistrate court. The notice of appeal directs: "There is no transcript of the proceedings. The clerk shall omit nothing from the record." While the Luffmans contend that they gave testimony in magistrate court, resulting in an order to produce documents, Target contends that the magistrate court continued both cases after a hearing.[2]

The record, however, contains no transcript, judgment, or any ruling from the magistrate court, other than the order to produce attached to Mrs. Luffman's affidavit in the superior court.[3] We therefore are unable to determine the exact procedural

---

[2]The Luffmans compiled a group of additional documents which they sought to add to the record in this court. But a party may not supplement the record with documents which were not part of the record below. *Howard v. GMAC Mtg.*, 321 Ga. App. 285, 287(1) (b) n.4 (739 SE2d 453) (2013).

[3]None of these documents form part of a duly transmitted magistrate court record. Ordinarily, the record would be transmitted to the superior court as part of an appeal under OCGA § 15-10-41. See OCGA § 5-3-29 (appeal to superior court "brings up the whole record from the court below"). But here, no appeal took place because Target filed voluntary dismissals.

3

posture of the magistrate court action at the time of the dismissals, but it does not appear from the record that any trial took place.

The parties dispute here the application of the voluntary dismissal statute under the Civil Practice Act, OCGA § 9-11-41 (a) (1). That Code section currently provides that a plaintiff may voluntarily dismiss an action, "without order or permission of court: (A) By filing a written notice of dismissal at any time before the first witness is sworn." The subsection at issue has been amended many times, having previously provided that a voluntary dismissal without permission of the court was possible "at any time before the plaintiff rests his case," see *Avnet, Inc. v. Wyle Laboratories*, 265 Ga. 716, 7147 (1) (461 SE2d 865) (1995), "at any time before the submission of the case to the jury," and originally, "at any time before verdict." See *Muhanna v. O'Kelley*, 185 Ga. App. 220-221 (363 SE2d 626) (1987).

The Luffmans appear to contend that any time a witness is sworn, even in an unreported hearing which apparently culminated in an order to produce, this terminates a plaintiff's right to voluntarily dismiss the action without order or permission of court. But we have held under previous versions of the statute that it "obviously has reference, as did the prior versions of the Code section, to the actual trial of a case rather than to proceedings on pre-trial motions." Id. at 221. Even when

4

a jury is unable to reach a verdict and a second trial is required, a voluntary dismissal before the second trial is available as a matter of right, *Delta Air Lines v. Van Diviere*, 192 Ga. App. 207, 208 (384 SE2d 272) (1989) ("the practical effect of the mistrial was to return the parties to a pre-trial status"), as it is if the case returns to the trial court on remand after appeal. *Bunch v. Vincent*, 234 Ga. App. 637, 637-638 (2) (507 SE2d 239) (1998) (grant of partial summary judgment).

In light of the presumption that the General Assembly was aware of the existing law, including decisions of the Georgia courts, *Hart v. Owens-Illinois, Inc.*, 250 Ga. 397, 400 (297 SE2d 462) (1982), we conclude that the swearing of a witness contemplated in OCGA § 9-11-41 (a) refers to a trial of the merits of the case resulting in a judgment, not testimony in pretrial proceedings or in a trial which begins but is later terminated by mistrial or continuance.

> [I]t has been repeatedly held that the intent of the legislature in enacting OCGA § 9-11-41 (a) was to give plaintiffs the opportunity to escape untenable positions and relitigate the case. There is no bad faith exception to the right to dismiss and later relitigate, despite whatever inconvenience and irritation this may cause the defendants. If we interpret these Code sections as limiting the plaintiffs' dismissal right because the trial court had already issued certain rulings, which would be undone when a plaintiff dismissed and refiled, that argument logically would extend to any other statute under which the court issued

5

rulings. In enacting the dismissal and renewal statute, the legislature was well aware of the resultant costs to defendants in time, money, and aggravation, and if the legislature intended to foreclose a plaintiff's ability to dismiss and refile, it could have said so.

(Citation and punctuation omitted.) *McKesson Corp. v. Green*, 286 Ga. App. 110, 114 (2) (648 SE2d 457) (2007) (statute providing for court order on expert witnesses does not prohibit voluntary dismissal without prejudice.)

Moreover, in the absence of any testimony or record from the magistrate court showing precisely what occurred there, the superior court is not authorized to *retroactively* apply the provisions of the Civil Practice Act to the supposed actions of the magistrate court, when no evidence appears in the record to show that the Act was relied on by the magistrate in any respect. See OCGA § 15-10-42 ("Civil Practice Act inapplicable to magistrate courts. Proceedings in the magistrate court shall not be subject to Chapter 11 of Title 9, the 'Georgia Civil Practice Act.'")[4] In contrast, the Code governing civil proceedings in magistrate courts provides: "*Any* voluntary dismissal by the plaintiff or by order of the court for want of prosecution shall be

---

[4] It is true that the magistrate courts *may* follow the provisions of the Civil Practice Act "where to do so would 'administer justice' under OCGA § 15-10-44." *Howe v. Roberts*, 259 Ga. 617, 619 (1) (385 SE2d 276) (1989). But OCGA § 15-10-44 by its express terms applies to the trial of a case, not pretrial proceedings.

without prejudice except that the filing of a second such dismissal shall operate as an adjudication upon the merits." (Emphasis supplied.) OCGA § 15-10-41 (b) (2).

The superior court therefore erred in applying res judicata to the voluntary dismissal of the magistrate court actions.

*Judgment reversed. Doyle, P. J. and McFadden, J., concur.*