295 Ga. 574
FINAL COPY

S14F0321. REED v. REED.

HUNSTEIN, Justice.

We granted the discretionary application of Appellant Stanley L. Reed (Husband) pursuant to our Rule 34 (4) in this divorce and alimony case. We affirm the trial court's order granting a final divorce between Husband and Appellee Cynthia B. Reed (Wife) under the right-for-any-reason rule because, although the trial court erred by not dismissing Husband's divorce complaint, the Wife's counterclaim for divorce remained pending for independent adjudication.

On August 26, 2011, Husband, proceeding pro se, filed a complaint for divorce from Wife. On October 3, 2011, Wife responded to the complaint and filed a counterclaim for divorce. On February 2, 2012, Husband filed a voluntary dismissal of his complaint pursuant to OCGA § 9-11-41 (b), which he later amended, explaining that the dismissal was pursuant to OCGA § 9-11-41 (a) (1).[1]

---

[1] The relevant portions of this statute provide as follows:
   (a) **Voluntary dismissal; effect**:

~~After Wife filed a~~ notice of hearing on her counterclaim, Husband filed

(1) **By plaintiff; by stipulation**. Subject to the provisions of subsection (e) of Code Section 9-11-23, Code Section 9-11-66, and any statute, an action may be dismissed by the plaintiff, without order or permission of court:

(A) By filing a written notice of dismissal at any time before the first witness is sworn; or

(B) By filing a stipulation of dismissal signed by all parties who have appeared in the action.

(2) **By order of court**. Except as provided in paragraph (1) of this subsection, an action shall not be dismissed upon the plaintiff's motion except upon order of the court and upon the terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him or her of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.

(3) **Effect**. A dismissal under this subsection is without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon the merits.

(b) **Involuntary dismissal; effect thereof**. For failure of the plaintiff to prosecute or to comply with this chapter or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine the facts and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. The effect of dismissals shall be as follows: (1) A dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits; and (2) Any other dismissal under this subsection and any dismissal not provided for in this Code section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, does operate as an adjudication upon the merits unless the court in its order for dismissal specifies otherwise.

. . .

a motion seeking a dismissal or continuance, explaining that he had already voluntarily dismissed the case and that the trial court did not have jurisdiction over the counterclaim. The court denied Husband's motion for dismissal or continuance.

After a hearing, the court entered a temporary order awarding Wife one-half of Husband's military retirement pay and attorney fees. Despite Husband's continued motions and protests to the court that he had voluntarily dismissed his complaint, the court refused to dismiss Husband's complaint and entered a final order granting a divorce between the parties on April 4, 2013.

In our order granting Husband's discretionary application to appeal the judgment and decree of divorce, the Court directed the parties to address whether a timely objection was posed to the voluntary dismissal of the complaint, and if not, whether the court erred in failing to dismiss the action, including the counterclaim.

1. OCGA § 9-11-41 (a) (1) provides that a plaintiff may voluntarily dismiss his case without order or permission of the court by filing (1) a written notice of dismissal at any time before the first witness is sworn or (2) a stipulation of dismissal signed by all parties who have appeared in the action.

3

A plaintiff may also dismiss his case by order of the court and upon the terms and conditions that the court deems proper. OCGA § 9-11-41 (a) (2). Furthermore, "[i]f a counterclaim has been pleaded by a defendant prior to the service upon him or her of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Id. Thus, although a plaintiff may voluntarily dismiss his complaint, when a defendant has filed a counterclaim or defensive pleadings seeking affirmative or other relief, dismissal of a plaintiff's complaint requires more scrutiny. See Avnet, Inc. v. Wyle Laboratories, Inc., 265 Ga. 716 (1) (461 SE2d 865) (1995); Moore v. Moore, 253 Ga. 211, 212 (317 SE2d 529) (1984).

Merely filing a counterclaim is insufficient to prevent the dismissal of the plaintiff's complaint and the counterclaim. Avnet, 265 Ga. at 718. Instead, a defendant must object to the plaintiff's voluntary dismissal, thereby providing notice to the plaintiff that he intends to pursue his counterclaim. D.P.S. Indus., Inc. v. Safeco Ins. Co. of America, 210 Ga. App. 289, 290 (435 SE2d 762) (1993). A defendant's failure to object to the plaintiff's dismissal will result in the dismissal of both the plaintiff's complaint and the defendant's counterclaim.

4

Mize v. First Citizens Bank & Trust Co., 297 Ga. App. 6, 7-8 (676 SE2d 402) (2009) ("'a defendant must object to a plaintiff's voluntary dismissal, pursuant to OCGA § 9-11-41, to preserve a counterclaim capable of independent adjudication, and to provide plaintiff with notice that it intends to pursue its counterclaim'"); Hardwick-Morrison Co. v. Mayland, 206 Ga. App. 426 (425 SE2d 416) (1992); see also Newsom v. Newsom, 257 Ga. 238 (356 SE2d 883) (1987).

After the defendant objects, the court must then determine whether the counterclaim or "the claim seeking . . . affirmative relief can remain pending for independent adjudication by the court once the main claim has been dismissed." Avnet, 265 Ga. at 718. If the counterclaim can remain pending for independent adjudication, then the trial court must dismiss the plaintiff's complaint and proceed with the case on the defendant's counterclaim. See id.; Weaver v. Reed, 282 Ga. App. 831, 833-834 (640 SE2d 351) (2006). On the other hand, if the counterclaim cannot remain pending for independent adjudication, then the court may not dismiss the plaintiff's complaint over the defendant's objection. See OCGA § 9-11-41 (a) (2).

In this case, we must first determine whether Wife objected to Husband's

5

dismissal.  Wife does not dispute that she did not file a formal objection.

However, "a defendant may sometimes preserve his counterclaim through

actions short of a formal objection to a voluntary dismissal of the main claim."

Weaver, 282 Ga. App. at 832-833.  After Husband filed his notice of dismissal,

Wife filed a notice of hearing clearly stating that a hearing was to be held on

Wife's "Counterclaim for Divorce."  Wife also responded to Husband's motion

for continuance or dismissal stating that she timely filed a counterclaim for

divorce that was "pending adjudication."  Thereafter, Husband again filed a

motion for continuance, and Wife responded that she had filed a counterclaim

before he voluntarily dismissed his claims.  We find that Wife clearly put

Husband on notice that she intended to pursue her counterclaim and did not

consent to or acquiesce in having her counterclaim dismissed.  See Southern

Electronics Distrib. v. Marsh, 229 Ga. App. 821 (1) (495 SE2d 43) (1997) (the

defendant's filing of a motion for partial summary judgment after the filing of

the plaintiff's voluntary dismissal clearly put the plaintiff on notice that the

defendant intended to pursue his counterclaim and did not consent to having his

counterclaim dismissed).  Our finding comports with our instruction that the

"'counterclaim limitation on voluntary dismissals [should be] liberally construed

6

so as to do substantial justice.'" Moore, 253 Ga. at 212.

Next, we must determine whether Wife's counterclaim could remain pending for independent adjudication. In her counterclaim, Wife sought a divorce from Husband on the ground that the marriage was irretrievably broken, see OCGA § 19-5-3 (13); retirement pay and Social Security benefits from Husband; equitable division of property; alimony; health insurance; and attorney fees. Thus, we conclude that Wife's counterclaim was a complete claim which could be adjudicated without regard to Husband's complaint, and therefore, the trial court should have dismissed Husband's claim. See OCGA § 9-11-41 (a) (2); Weems v. Weems, 225 Ga. 19 (2) (165 SE2d 733) (1969) (counterclaim for divorce, alleging a separation caused by the husband's abandonment and a prayer for alimony and property, was a complete claim).

Although the trial court did not dismiss Husband's complaint and proceeded to enter a final order of divorce between the parties, we find that any error by the trial court in not dismissing Husband's complaint was of no consequence because both Husband's complaint and Wife's counterclaim sought a divorce and the equitable division of property. Therefore, even if the trial court had properly dismissed Husband's complaint, the trial court could

7

have still proceeded to adjudicate Wife's counterclaim and enter a final order of divorce. The result is the same: an action for divorce remained pending before the trial court, and the trial court properly exercised its jurisdiction to decide the case.

2. Husband argues that the trial court's final decree of divorce was in error on numerous grounds. He contends that the trial court incorrectly determined the marriage was irretrievably broken rather than that Wife committed adultery; the trial court's award of military pay to Wife, via Husband's oral agreement at trial to pay Wife 50%, was in error; the provision requiring Husband to pay 50% of the premium for Wife's health insurance indefinitely was in error because the court orally announced at trial that it would limit insurance to three years; and the trial court's finding that sexually explicit photos of Wife in Husband's possession violated her right to privacy and should be turned over to Wife was in error. The appellate record contains no transcript of the trial court's hearing in this case. "[W]here an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at the appellant's expense." OCGA § 5-6-41 (c); see also OCGA § 5-6-42 ("Where there is a transcript of

8

evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed as provided by Code Section 5-6-41."). Husband, as the appellant here, bears the burden of showing error below.[2] Holmes v. Roberson-Holmes, 287 Ga. 358 (1) (695 SE2d 586) (2010). "'In accordance with the presumption of the regularity of court proceedings, we must assume in the absence of a transcript that there was sufficient competent evidence to support the trial court's findings.'" Id. at 361 (emphasis omitted).

Additionally, Husband argues that the trial court's award of alimony to Wife was in error. However, a "trial court is 'given a wide latitude in fixing the amount of alimony,'" and without the transcript, we are able to find no abuse of discretion here. Hammond v. Hammond, 290 Ga. 518, 519 (1) (722 SE2d 729)

[2]Husband specifically noted in his amended notice of appeal that the court reporter's inability to comply with his original notice of appeal to forward the transcript to this Court was causing the parties delay and hardship. Accordingly, he requested that the "required documents be forwarded to the Supreme Court without delay." See OCGA § 5-6-37 (A notice of appeal "shall state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal."). In its letter to this Court forwarding the records for appeal, the deputy clerk for Lowndes County stated that she was sending the appeal without the transcripts per Husband's request and that "[h]e is aware that the Appeal is not a[n] entire record but wishes for the courts to send it to the Appeal Courts anyway." Husband never sought to supplement the record with a transcript of the proceedings below. See OCGA § 5-6-42 ("The party having the responsibility of filing the transcript shall cause it to be filed within 30 days after filing of the notice of appeal . . . unless the time is extended.").

9

(2012).

Husband's additional enumerations are without merit. Husband contends that because Wife remarried after the court issued its final decree of divorce, the court's finding that Wife should be named as a beneficiary under the Husband's military survivor benefit plan and her entitlement to health insurance are invalid. However, events occurring subsequent to the issuance of the final decree of divorce are not relevant to the propriety of the decree. Finally, we find no abuse of discretion in the court's award of attorney fees to Wife.

We "may affirm the judgment of a lower court so long as it is right for any reason." Nat. Tax Funding, L.P. v. Harpagon Co., 277 Ga. 41, 45 (4) (586 SE2d 235) (2003). Accordingly, we affirm the trial court's final judgment and decree of divorce even though it was error for the court not to dismiss Husband's complaint.

Judgment affirmed. All the Justices concur.

Decided July 11, 2014.

Domestic relations. Lowndes Superior Court. Before Judge Horkan.

Stanley L. Reed, pro se.
Langdale Vallotton, Katherine A. Gonos, Brenda M. Carver, for appellee.