**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 12, 2016**

# In the Court of Appeals of Georgia

A16A0327. HOWELL et al. v. BEAULY, LLC.

McFADDEN, Judge.

This appeal arises from an order dismissing an action that had been transferred to the superior court from magistrate court. The dismissal was based on a purported violation, in the magistrate court proceedings, of the Georgia Civil Practice Act. But because the Civil Practice Act does not apply to magistrate court proceedings, we reverse.

On September 11, 2014, Beauly LLC filed a dispossessory action against Annette Howell and others in the magistrate court of DeKalb County. On September 22, 2014, Howell and others (hereinafter, collectively "Howell") filed an answer and counterclaim, seeking to quiet title and requesting damages in excess of $2 million for claims of, among other things, fraud, trespass, and unjust enrichment. The

counterclaim also sought punitive damages of more than $6 million. On September 22, Howell also filed a motion seeking to dismiss the dispossessory action and to transfer the case to superior court pursuant to OCGA § 15-10-45 (d), which provides that if the amount of a counterclaim exceeds the jurisdictional limits of magistrate court, the case should be transferred to a court with jurisdiction over the counterclaim amount. The magistrate court notified the parties that the case was set for trial on September 29, 2014.

On September 25, 2014, Beauly's attorney filed a voluntary dismissal of its dispossessory action. On September 29, 2014, the original trial date, the magistrate court issued another notice of "trial/hearing" for October 8, 2014. That written notice bears what appear to be the signatures of Howell and another defendant, as well as the signature of Beauly's attorney. On October 8, the the magistrate court issued an order stating that the hearing had been held and transferring the case to superior court.

On October 29, 2014, the case was docketed in superior court. On January 27, 2015, Howell served discovery requests on Beauly. Beauly filed responses and objections to the discovery requests on March 2, 2015. On June 23, 2015, Beauly filed a brief in support of a motion for summary judgment and also moved to reinstate its dispossessory action. In that brief, Beauly acknowledged that during the magistrate

2

court hearing, Howell had moved to have the counterclaim transferred to the superior court and that the magistrate court had granted that transfer motion. On August 3, 2015, the superior court dismissed Howell's action, finding that Howell had failed to object to Beauly's voluntary dismissal of its dispossessory action in magistrate court on September 25, and therefore, Beauly's voluntary dismissal also resulted in the dismissal of Howell's counterclaim pursuant to OCGA § 9-11-41. Howell appeals.

1. *OCGA § 9-11-41.*

Howell asserts that the trial court erred in dismissing the counterclaim based on an alleged violation of the requirements of OCGA § 9-11-41. We agree.

As part of the Georgia Civil Practice Act,

OCGA § 9-11-41 (a) (1) provides that a plaintiff may voluntarily dismiss his case without order or permission of the court by filing (1) a written notice of dismissal at any time before the first witness is sworn or (2) a stipulation of dismissal signed by all parties who have appeared in the action. . . . Furthermore, if a counterclaim has been pleaded by a defendant prior to the service upon him or her of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Thus, although a plaintiff may voluntarily dismiss his complaint, when a defendant has filed a counterclaim or defensive pleadings seeking affirmative or other relief, dismissal of a plaintiff's complaint requires more scrutiny. Merely filing a counterclaim is insufficient to prevent the dismissal of the plaintiff's complaint and the counterclaim. Instead, a defendant must object to the plaintiff's voluntary dismissal, thereby providing notice to the plaintiff

3

that he intends to pursue his counterclaim. A defendant's failure to object to the plaintiff's dismissal will result in the dismissal of both the plaintiff's complaint and the defendant's counterclaim.

*Reed v. Reed*, 295 Ga. 574, 575-576 (1) (761 SE2d 326) (2014) (citations and punctuation omitted). See also *Mize v. First Citizens Bank & Trust Co.*, 297 Ga. App. 6, 7-8 (676 SE2d 402) (2009) (defendant must object to plaintiff's voluntary dismissal, pursuant to OCGA § 9-11-41, to preserve a counterclaim capable of independent adjudication and to provide plaintiff with notice that it intends to pursue the counterclaim).

Relying on these provisions of OCGA § 9-11-41, the trial court found that Howell had failed to make the required objection to Beauly's voluntary dismissal of its magistrate court dispossessory action on September 25, 2014, and that such failure resulted in the dismissal of Howell's counterclaim to that action. However, the Civil Practice Act does not apply to magistrate court proceedings. *Target Nat. Bank v. Luffman*, 324 Ga. App. 442, 444 (750 SE2d 750) (2013). Except for circumstances not found in this case, "proceedings in the magistrate court shall not be subject to Chapter 11 of Title 9, the 'Georgia Civil Practice Act.'" OCGA § 15-10-42. Rather, OCGA § 15-10-40 expressly provides: "*This* article shall govern proceedings in the magistrate court." (Emphasis supplied.) Nevertheless, even though magistrate courts

4

have their own procedural codes and are not required to follow the provisions of the Civil Practice Act, they are permitted to choose to follow that Act "or any other appropriate rules and regulations relating to pleading, practice, and procedure, where to do so would 'administer justice' under OCGA § 15-10-44." *Howe v. Roberts*, 259 Ga. 617, 619 (1) (385 SE2d 276) (1989).

In the instant case, however, there is nothing in the record to indicate that the magistrate court opted to follow the Civil Practice Act. On the contrary, it appears from the record that the magistrate court proceedings were conducted pursuant to the statutory articles governing magistrate courts. Amongst other things, Howell filed the counterclaim to Beauly's action as authorized by OCGA § 15-10-45; Beauly filed a voluntary dismissal of its action in accord with OCGA § 15-10-41 (b) (2); Howell moved to transfer the counterclaim to superior court pursuant to OCGA § 15-10-45 (d); and the trial court granted that motion, apparently because, as indicated in Howell's transfer motion, the amount of the counterclaim exceeded the $15,000 jurisdictional limit of the magistrate court. See OCGA §§ 15-10-2 (5) & 15-10-45 (d); see also *Jones v. Equip. King Intl.*, 287 Ga. App. 867 (652 SE2d 811) (2007) (case transferred to superior court because counterclaim beyond magistrate court's jurisdiction). Under these circumstances, "the superior court [was] not authorized to

5

retroactively apply the provisions of the Civil Practice Act to the supposed actions of the magistrate court, when no evidence appears in the record to show that the Act was relied on by the magistrate in any respect." *Target Nat. Bank*, supra (emphasis, citation, and footnote omitted). Accordingly, the superior court erred in finding that under the Civil Practice Act, in particular OCGA § 9-11-41, the counterclaim stood dismissed.

Moreover, even if the Civil Practice Act could be applied to the proceedings in this case, the trial court's analysis was flawed. "[A] defendant may sometimes preserve his counterclaim through actions short of a formal objection to a voluntary dismissal of the main claim." *Reed*, supra at 576 (citation omitted). Here, the trial court found that Howell had not so preserved the counterclaim because Howell had not taken any action on the counterclaim until four months after the voluntary dismissal, when the first discovery requests were served in January 2015. But that finding is incorrect. The record shows that prior to the voluntary dismissal, Howell had moved to transfer the counterclaim to superior court; that shortly after the dismissal, Howell continued to pursue the motion to transfer the counterclaim; that a magistrate court hearing on that transfer motion was held approximately two weeks after the voluntary dismissal; that the magistrate court granted the transfer motion at

that hearing; and that approximately a month after the voluntary dismissal of the main claim, the transferred counterclaim was docketed in the superior court. Therefore, Howell "clearly put [Beauly] on notice that [the defendants] intended to pursue [their] counterclaim and did not consent to or acquiesce in having [the] counterclaim dismissed. Our finding comports with our instruction that the counterclaim limitation on voluntary dismissal should be liberally construed so as to do substantial justice." *Reed*, supra (citations and punctuation omitted).

For the foregoing reasons, the trial court erred in dismissing Howell's superior court action. Accordingly, we reverse.

2. *Additional enumeration of error.*

In a separate enumeration, Howell contends that the trial court erred in denying her motion to dismiss Beauly's claim with prejudice. Pretermitting the fact that the case transferred to the superior court was Howell's counterclaim, not Beauly's previously dismissed main claim, is the fact that the trial court made no such ruling. The superior court's final order dismissed Howell's transferred action, but did not deny any motion by Howell. This is a "court[] for the correction of errors of law made by the trial courts[,] and an error of law has as its basis a specific ruling made by the trial court." *Campbell v Alion*, ___ Ga. App. ___, n. 3 (Case No. A16A0239, decided

7

June 8, 2016) (citation and punctuation omitted). In the absence of such a specific ruling, there is nothing for us to review. See *Post Realty Assoc. v. DSL Assoc.*, 228 Ga. App. 678, 681 (2) (492 SE2d 600) (1997) (as a court for correction of errors below, absent a ruling by the trial court, this court has nothing to review).

*Judgment reversed. Miller, P. J., and McMillian, J., concur.*