# Court of Appeals
# of the State of Georgia

ATLANTA, March 26, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1400. ROBERT J. LAGROON et al. v. ASA C. KEIL et al.**
**A25A1401. ASA C. KEIL et al. v. ROBERT J. LAGROON et al.**

In October 2021, plaintiffs Asa C. Keil and Zachariah E. McCree filed suit in the superior court against defendants Robert J. Lagroon and Wildflower Investments, LLC. The case was removed to federal court where the plaintiffs filed an amended complaint naming Michael and Matthew Broome as additional defendants. The Broomes answered and asserted cross-claims against the defendants, and the federal court granted their motion to amend their answer to add counterclaims against the plaintiffs and add Kellie Sue Barnett as a third-party cross-claim defendant and remanded the case to the superior court.

On remand, the plaintiffs filed in superior court on May 1, 2023, a "voluntary dismissal without prejudice" as to all claims against both the defendants and the Broomes. Months later, the Broomes filed a motion to compel Barnett to respond to their discovery. Thereafter, the plaintiffs filed a motion for declaratory judgment, seeking a determination that there were no claims pending against them at the time they filed their voluntary dismissal. On December 27, 2024, in a single order, the superior court (1) granted the Broomes' motion to compel discovery and ordered Barnett to respond to their discovery within 30 days, and (2) denied the plaintiffs' motion for declaratory judgment, finding that the Broomes' counterclaims and cross-claims remained pending.[1] The plaintiffs sought a certificate of immediate review,

---

[1] The trial court found that while the Broomes did not formally object to the voluntary dismissal, their filing of their motion to add a third-party complaint and

which was denied. In Case No. A25A1400, the defendants and Barnett seek to appeal from the trial court's December 27 order. In Case No. A25A1401, the plaintiffs also seek to appeal from the same order. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Of course, in cases "involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). See id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

In their notices of appeal, the plaintiffs, the defendants, and Barnett assert that they are entitled to appeal under OCGA § 5-6-34 (a) (1). But, at a minimum, the Broomes' claims against the plaintiffs and Barnett appear to still be pending below.[2]

Because the rights and liabilities of all of the parties have not been adjudicated, the appealing parties were required to follow the interlocutory appeal procedures to

---

counterclaims against the plaintiffs served as sufficient notice. Cf. *Southern Electronics Distributors v. Marsh*, 229 Ga. App. 821, 822 (1) (495 SE2d 43) (1997) (holding that party's summary judgment motion constituted sufficient objection within the meaning of OCGA § 9-11-41 (a) to prevent the automatic dismissal of his counterclaim).

[2] The appealing parties direct this Court to *D.P.S. Indus. v. Safeco Ins. Co. of Am.*, 210 Ga. App. 289 (435 SE2d 762) (1993) to support their claim that they are entitled to a direct appeal. But that case is distinguishable. In that case, there were no claims pending in the trial court. In this case, there are claims pending.

obtain review at this juncture. See *Johnson*, 192 Ga. App. at 629. As they failed to do so, these appeals are hereby DISMISSED.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,    03/26/2025

  I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

  Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.