A97A0994. LAWRENCE v. STATE OF GEORGIA.
(484 SE2d 341)

The Court of Appeals desires instruction from the Supreme Court upon the following questions, a determination of which is necessary for a decision in this case. Ga. Const. of 1983, Art. VI, Sec. V, Par. IV; Art. VI, Sec. VI, Par. III (7).

The relevant appellate history and facts of this case are as follows: Rodney Lawrence appeals from a final order of forfeiture, filed on August 19, 1996, directing forfeiture of certain property pursuant to the provisions of OCGA § 16-13-49; appellant filed a motion to amend his notice of appeal "so as not to include a transcript of the evidence in the record on appeal." No transcript of evidence has been forwarded to this Court for consideration in the disposition of this appeal.

In accordance with the provisions of OCGA § 16-13-49 (o), the State filed a complaint for forfeiture of personal property assets valued in excess of $25,000. The assets are items of jewelry which the State contends constituted proceeds derived from or realized from the sale of marijuana in violation of the Georgia Controlled Substances Act. These assets were seized, pursuant to a search warrant, from three residences and a jewelry store owned and operated by appellant.

Appellant's claim to this property is set out in his "Answer To Complaint For Forfeiture Of Assets Valued At Greater Than $25,000." Appellant does not assert that he is an interest holder in the property pursuant to OCGA § 11-9-105. Rather, appellant claims that he is an owner of the property within the meaning of OCGA § 16-13-49 (a) (7), because he is a consignee and bailee of the jewelry, that is, a lawful bailee of the jewelry pursuant to a consignment agreement between Jerry Gaskins and himself. In support of his contention, appellant produced a two-page, handwritten agreement with three amendments attached; the agreement is undated. In his answer, appellant identifies Jerry Gaskins as the owner of the jewelry.

His sole enumeration is that "the trial court erred in holding that a bailee of seized property is not an 'owner' under OCGA § 16-13-49 and therefore has no standing to challenge forfeiture of the property." Research reveals that there exists no cases directly in point as to the issues raised in this appeal; because of the significant impact a resolution of this issue could have on future forfeiture cases in Georgia, the following questions are hereby certified to the Supreme Court of this state:

(a) Was appellant a bailee of the property at issue, such as a bailee for mutual benefit? See, e.g., OCGA §§ 44-12-40 et seq.; 11-2-101 et seq.; 11-7-102 et seq.?

(b) If appellant was a bailee, did he meet the statutory criteria of "owner," pursuant to OCGA § 16-13-49 (a) (7)?

(c) Has appellant demonstrated that he has standing to contest the forfeiture at issue in this case? See generally OCGA §§ 16-13-49 (a) (7) & (e); 16-13-50.

(d) Did the trial court commit reversible error in granting the State's request for order of forfeiture and ordering that "all of the defendant property listed in paragraph 1 of the complaint . . . with the exception of the first five items specified in paragraph 8 [of the final order of forfeiture], and all right, title, interest, and proceeds thereto is condemned and forfeited to the State of Georgia?" Final Order of Forfeiture is dated August 16, 1996.

The Clerk of this Court is directed to prepare a certified copy of the foregoing questions and transmit the same, together with the record in this case, to the Supreme Court.