A97A0994. LAWRENCE v. STATE OF GEORGIA.
(501 SE2d 254)

BIRDSONG, Presiding Judge.

The relevant appellate history and facts of this case are as follows: Rodney Lawrence appeals from a final order of forfeiture directing forfeiture of certain property pursuant to the provisions of OCGA § 16-13-49. This Court initially received this appeal and certified certain questions to the Supreme Court pursuant to Ga. Const. of 1983, Art. VI, Sec. V, Par. IV and Art. VI, Sec. VI, Par. III (7). *Lawrence v. State of Ga.*, 225 Ga. App. 606 (484 SE2d 341). The Supreme Court declined to assist this Court and returned the appeal for our adjudication.

The State filed a complaint for forfeiture of personal property assets valued in excess of $25,000. The assets are items of jewelry

which the State contends constituted proceeds derived from or realized from the sale of marijuana in violation of the Georgia Controlled Substances Act. These assets were seized, pursuant to a search warrant for three residences and a jewelry store owned and operated by appellant.

Appellant's claim to this property is set out in his "Answer to Complaint For Forfeiture Of Assets Valued At Greater Than $25,000." Appellant claims that he is an owner of the property within the meaning of OCGA § 16-13-49 (a) (7), because he is a consignee and bailee of the jewelry, that is, a lawful bailee of the jewelry pursuant to a consignment agreement between Jerry Gaskins and himself. In support of his contention, appellant produced a two-page, handwritten agreement with three amendments attached; the agreement is undated. In his answer, appellant identifies Jerry Gaskins as the owner of the jewelry.

Appellant's sole enumeration is that the trial court erred in holding a bailee of seized property is not an "owner" under OCGA § 16-13-49 and therefore has no standing to challenge forfeiture of the property. *Held*:

This Court recently held in *Jackson v. State of Ga.*, 231 Ga. App. 320 (498 SE2d 159) (1998) that, under OCGA § 16-13-49, a bailee has a possessory interest in the bailed property, and that such possessory interest confers standing to contest the forfeiture of the bailed property in a forfeiture action. This case is controlling. The trial court erred in holding that a bailee lacks standing to contest the forfeiture of the bailed property. Nor can this Court sustain the grant of summary judgment on the right for any reason doctrine. This record reveals unequivocally that the trial court primarily rested its judgment on an erroneous legal theory — that a bailee lacked standing to contest the forfeiture of bailed property under OCGA § 16-13-49. " ' " [O]rdinarily, a judgment right for any reason must be affirmed, but where it is apparent that the court rests its judgment on reasons which are erroneous or upon an erroneous legal theory, it commits reversible error." ' " (Emphasis omitted.) *Huff v. Valentine*, 217 Ga. App. 310, 311 (1) (457 SE2d 249) and cases cited therein. (We do not herein address whether appellant is an innocent owner, whether he entered into a valid bailment contract, whether the owner's failure to assert a claim would negate the consignee's property interest in a bailment for sale and deprive him of standing to submit a claim, or whether he has adequately stated the nature and extent of his claimant's interest in the property within the meaning of OCGA § 16-13-49 (o) (3) (D).)

The final order of forfeiture shall be vacated and the case remanded with direction that the trial court hold a hearing to reconsider the legal basis for its grant of partial summary judgment to the

State. The parties shall be given notice and an opportunity to be heard; thereafter the trial court shall enter an appropriate ruling which is not inconsistent with our holding in this case. The parties may appeal any new judgment entered within 30 days after filing thereof. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV.

*Judgment vacated and case remanded with direction. Johnson and Smith, JJ., concur.*

DECIDED MARCH 31, 1998.

*Steven H. Sadow*, for appellant.

*J. Tom Morgan, District Attorney, Gregory J. Lohmeier, Assistant District Attorney*, for appellee.