A06A2353. WEAVER v. REED.
(640 SE2d 351)

ADAMS, Judge.

Marilyn Weaver a/k/a Marilyn L. Mapp appeals the trial court's order finding that her counterclaim against Cortney G. Reed "stand[s] dismissed." We reverse because Mapp neither dismissed nor waived her counterclaim, which remains pending before the trial court.

In August 2003, Reed sued Mapp in the State Court of Rockdale County for damages arising out of an automobile collision. Mapp counterclaimed for damages arising out of the same incident. Pursuant to an agreement to settle Reed's claim against Mapp and her insurers, Mapp's attorney in the main action, whose letter stationery indicated was also acting as an insurance company staff attorney, prepared a release and dismissal with prejudice and transmitted the documents to Reed's attorney in the main action on November 11, 2003, along with a check for $25,000. The letter and enclosures were copied to the attorney representing Mapp on her counterclaim. The release and dismissal were apparently signed and dated as of November 17, 2003. The release included the following notice:

---

[35] *Chandler v. State*, 261 Ga. 402, 407 (3) (b) (405 SE2d 669) (1991).
[36] *Bryant v. State*, 271 Ga. 99, 101 (3) (515 SE2d 836) (1999).

> [Reed] is hereby notified in accordance with OCGA § 33-7-12, that this is a settlement negotiated by the Atlanta Specialty Insurance Company and that this insurer does not have the written consent of its insureds to this settlement and such insureds are not necessarily thereby precluded from the further assertion of claims against [Reed] arising out of the incident or occurrence described herein. . . . [Reed] acknowledges prior receipt of this Release and that it is notice in writing of lack of consent of [Mapp]. . . .

On September 28, 2004, Mapp's attorneys in the main action wrote to Reed's attorney in the main action to inform him that their office had yet to receive the release and dismissal. On September 30, 2004, the dismissal with prejudice, signed by Reed's attorney in the main action, was filed in the State Court of Rockdale County, but without a certificate of service. On October 22, 2004, Mapp's attorney in the main action wrote Reed's attorney in the main action to inform him that her office had received a signed copy of the release, but that they were still awaiting a signed dismissal. Meanwhile, discovery on the counterclaim continued.

On either September 28 or 29, 2005, Mapp's attorney on her counterclaim received a signed and filed copy of Reed's dismissal of the main action. The paralegal who opens the attorney's mail averred that no signed and filed copy of the dismissal was received in the office until that time. On October 17, 2005, Mapp filed an objection to the dismissal of Reed's claim. The trial court subsequently held that Reed's original action and Mapp's counterclaim stood dismissed and that it therefore had no jurisdiction over Mapp's counterclaim.

At issue is whether the trial court retained jurisdiction over Mapp's counterclaim following Reed's voluntary dismissal of the main claim. We have previously held that "a defendant must object to a plaintiff's voluntary dismissal, pursuant to OCGA § 9-11-41, to preserve a counterclaim capable of independent adjudication, and to provide plaintiff with notice that it intends to pursue its counterclaim." (Citation omitted.) *D. P. S. Indus. v. Safeco Ins. Co. of America*, 210 Ga. App. 289, 290 (1) (435 SE2d 762) (1993). However, "counterclaim limitation on voluntary dismissals found in OCGA § 9-11-41 (a) should be liberally construed so as to do substantial justice in cases like this where the plaintiff seeks to voluntarily dismiss in the face of affirmative relief being sought by the defendant." (Citation and punctuation omitted.) *Southern Electronics Distrib. v. Marsh*, 229 Ga. App. 821, 822 (1) (495 SE2d 43) (1997). Thus a defendant may sometimes preserve his counterclaim through actions short of a

formal objection to a voluntary dismissal of the main claim. See id. (defendant's motion for summary judgment served same goal as formal objection).

In this case, Mapp was aware that release and dismissal documents had been forwarded to Reed's attorney for execution in November 2003. Nevertheless, the main action was not dismissed at that time, nor had Mapp, as evidenced by the notice contained in the release, consented to the settlement. The dismissal was eventually filed on September 30, 2004, but there is nothing in the record to show that the signed and filed dismissal was served on Mapp or that Mapp or any of her attorneys had actual notice of the dismissal's filing until late September 2005. "[A] complaint is merely dormant after the plaintiff files a written notice of dismissal, and does not stand dismissed as of the date of filing of the notice unless and until the opposing party is served or has actual notice, in which event it is also governed by the provisions relating to a counterclaim." *Jones v. Jones*, 230 Ga. 738, 740 (2) (199 SE2d 239) (1973).

In light of the foregoing, it appears that Mapp objected to the dismissal of Reed's action within little more than two weeks of receiving actual notice of the dismissal, thus preserving her counterclaim. Reed contends that Mapp could have filed such an objection earlier because she had been put on notice that a dismissal was going to be filed, but we cannot conclude that substantial justice would be served by finding a waiver of Mapp's counterclaim under these circumstances, which include prompt action by Mapp upon her receipt of actual notice of the dismissal's filing and a lack of prejudice to Reed, whose attorney in the main action appears to bear some, if not all, of the fault for the delay in filing the dismissal and whose attorney in the counterclaim had continued to pursue discovery in that action.

As Mapp's counterclaim was not waived, the trial court was bound to consider Reed's voluntary dismissal in light of OCGA § 9-11-41 (a) (2): "If a counterclaim has been pleaded by a defendant prior to the service upon him or her of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Reed's voluntary dismissal was therefore subject to "whether [Mapp's] claim seeking . . . affirmative relief can remain pending for independent adjudication by the court once the main claim has been dismissed." *Avnet, Inc. v. Wyle Laboratories*, 265 Ga. 716, 718 (1) (461 SE2d 865) (1995). "[A]lthough the affirmative relief sought by [Mapp] here was a compulsory counterclaim, [Mapp's] claim can be independently adjudicated upon the dismissal of [Reed's] claim." Id. See also *Young v. Jones*, 140 Ga. App. 66, 67-68 (2) (230 SE2d 32) (1976) ("where a counterclaim can be adjudicated without

regard to the main claim, it should be judicially considered even though the main claim has been dismissed") (citation omitted). Therefore, the trial court correctly concluded that Reed's main action was dismissed, but erred in concluding that it had no jurisdiction to consider Mapp's counterclaim, which remains pending.

*Judgment reversed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 11, 2006.

*Teddy R. Price*, for appellant.
*Beck, Owen & Murray, William M. Dallas III*, for appellee.