A07A1135. IMERYS CLAYS, INC. et al. v. WASHINGTON COUNTY BOARD OF TAX ASSESSORS.
(652 SE2d 580)

SMITH, Presiding Judge.

In this property tax matter, Imerys Clays, Inc. and Imerys Kaolin, Inc. appeal the trial court's order enforcing a settlement agreement with regard to the valuation of property in Washington County. Because the trial court based its decision on an erroneous legal theory, we must reverse.

We apply a de novo standard of review to a trial court's order on a motion to enforce a settlement agreement. Because the issues raised are analogous to those in a motion for summary

judgment, in order to succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the appellant's case.

(Citations, punctuation and footnotes omitted.) *DeRossett Enterprises v. Gen. Elec. Capital Corp.*, 275 Ga. App. 728 (621 SE2d 755) (2005). In considering whether the parties entered into an enforceable settlement agreement, we are governed by well-established law.

Compromises of doubtful rights are upheld by general policy, as tending to prevent litigation, in all enlightened systems of jurisprudence. In considering the enforceability of an alleged settlement agreement, however, a trial court is obviously limited to those terms upon which the parties themselves have mutually agreed. Absent such mutual agreement, there is no enforceable contract as between the parties. It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties. The settlement agreement alleged to have been created in [this case] would have been the product of the attorneys for the parties. *As the existence of a binding agreement is disputed, the proponent of the settlement must establish its existence in writing.* The writing which will satisfy this requirement ideally consists of a formal written agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice.

(Citations, punctuation and emphasis omitted; emphasis supplied.) *Herring v. Dunning*, 213 Ga. App. 695, 696-697 (446 SE2d 199) (1994); see also *Pourreza v. Teel Appraisals &c.*, 273 Ga. App. 880 (616 SE2d 108) (2005). "While an agreement may be oral, if the parties disagree on whether an agreement was reached, the agreement must be memorialized in a writing to be enforceable, and the absence of a writing prevents enforcement." (Citations omitted.) *Moreno v. Strickland*, 255 Ga. App. 850, 852 (1) (567 SE2d 90) (2002). If the parties agree that a settlement was reached but disagree as to its terms, "the proponents of the settlement[ ] must establish its existence in writing." (Citation omitted.) *Tekin v. Whiddon*, 233 Ga. App. 645, 647 (1) (504 SE2d 722) (1998).

> Ordinarily, for an attorney to bind his client to a settlement agreement where there is a dispute as to terms, the agreement must be in writing. OCGA § 15-19-5 (Code Ann. § 9-605). This requirement of a writing goes to the certainty that an agreement exists and to the certainty of the terms of the agreement, not to the question of consent of the client to the agreement.

*Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 676 (2) (308 SE2d 544) (1983).

In the case before us, it is undisputed that no writing was made. Neither party introduced letters, proposed agreements, or any other memorialization of the disputed terms of the purported settlement. At the hearing on the motion to enforce, counsel for the appellants stated that no such writing exists, and that the parties originally "intended to sit down, write it down, and give it to the arbitrators to have blessed as the judgment." Counsel for the Washington County Board of Tax Assessors acknowledged that there was "no meeting of the minds on the same issue." While the trial court heard extensive and detailed testimony regarding the lengthy settlement negotiations between the parties, what the participants had said to each other, and what they believed they had agreed, that testimony itself demonstrates the danger of attempting to enforce terms which were never reduced to writing. The well-established law forbids us from doing so, and for good reason.

The Board asserts that we may not reverse on this basis because the contention was not raised or ruled on below. However, "an appellate court cannot affirm a judgment based on an erroneous legal theory. [Cit.]" *Amin v. Guruom, Inc.*, 280 Ga. 873, 875 (635 SE2d 105) (2006). "[W]here it is apparent that the court rests its judgment on reasons which are erroneous or upon an erroneous legal theory, it commits reversible error." (Citation and punctuation omitted.) *Lawrence v. State of Ga.*, 231 Ga. App. 739, 740 (501 SE2d 254) (1998). We therefore reverse and remand this case to the trial court for further proceedings not inconsistent with this opinion.

*Judgment reversed. Barnes, C. J., and Miller, J., concur.*

DECIDED SEPTEMBER 28, 2007.

*Ragsdale, Beals, Seigler, Patterson & Gray, David K. Beals, Herbert H. Gray III*, for appellants.

*Hulsey, Oliver & Mahar, Jane A. Range, Robert W. Wommack, Jr.,* for appellee.