A09A0750. MIZE v. FIRST CITIZENS BANK & TRUST COMPANY, INC.

(676 SE2d 402)

BLACKBURN, Presiding Judge.

In this action involving a promissory note, pro se plaintiff Steven Mize sued First Citizens Bank & Trust Company, Inc. (the "Bank"), alleging breach of an oral contract to restructure the note's payment terms. The Bank filed an answer and counterclaim, denying Mize's claims and seeking payment on the note. Mize now appeals a grant of summary judgment in favor of the Bank on its counterclaim, arguing that the trial court erred in granting summary judgment after he had voluntarily dismissed his case. For the reasons set forth below, we reverse.

"The standard of review for a question of law on appeal is de novo. When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Punctuation omitted.) *Clark v. Clark*.[1]

---

[6] *Glaza v. Morgan*, 248 Ga. App. 623, 625 (548 SE2d 389) (2001).
[1] *Clark v. Clark*, 293 Ga. App. 309 (667 SE2d 103) (2008).

In this matter, the record shows that on May 5, 2005, Mize executed a promissory note in favor of the Bank for $102,524.50, which was secured by an earlier first priority deed to secure debt on property owned by Mize. In late 2007, Mize began failing to make the scheduled monthly payments on the note. Consequently, he met with a representative of the Bank to discuss his financial situation. Mize claims that as a result of this meeting, the Bank agreed to change the note's payment terms; however, the Bank disputes that any such agreement was reached.

Thereafter, Mize filed suit against the Bank, alleging that the Bank's payment demands breached an oral agreement between the parties that had changed the note's payment terms. Subsequently, the Bank informed Mize that he was in default on the note for failure to make timely payments and for failure to pay taxes owed on the property that secured the note. A few weeks later, the Bank filed an answer and counterclaim, in which it denied Mize's allegations and sought payment of the entire amount due under the promissory note plus interest and attorney fees. On June 18, 2008, the Bank moved for summary judgment on its counterclaim, and two days later, the trial court issued an order setting an August 22, 2008 hearing date for that motion.

Mize did not file a response to the Bank's motion for summary judgment. Instead, on August 18, 2008, four days before the scheduled hearing, he voluntarily dismissed his lawsuit pursuant to OCGA § 9-11-41 (a) (1) (A). The Bank did not file an objection to the dismissal. On August 22, 2008, the trial court held the scheduled hearing on the Bank's motion for summary judgment despite Mize's dismissal and despite the fact that he was not in attendance. Three days later, the court issued an order, granting the Bank's motion and awarding it the unpaid amount due on the promissory note, plus interest and attorney fees.

Mize contends that the trial court erred in granting the Bank's motion for summary judgment, arguing that his voluntary dismissal terminated the entire action including the Bank's counterclaim. We agree.

Under OCGA § 9-11-41 (a) (1) (A), "an action may be dismissed by the plaintiff, without order or permission of court[, b]y filing a written notice of dismissal at any time before the first witness is sworn. . . ." OCGA § 9-11-41 (a) (2) in part provides: "If a counterclaim has been pleaded by a defendant prior to the service upon him or her of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." This Court has "previously held that a defendant must object to a plaintiff's voluntary dismissal, pursuant to OCGA § 9-11-41, to

preserve a counterclaim capable of independent adjudication, and to provide plaintiff with notice that it intends to pursue its counterclaim." (Punctuation omitted.) *Weaver v. Reed.*[2] See *D. P. S. Indus. v. Safeco Ins. Co. of America.*[3]

Here, Mize filed a written dismissal of the case four days before the scheduled hearing on the Bank's motion for summary judgment. Because the Bank did not object, the entire action, including the Bank's counterclaim, became dismissed. See *D. P. S. Indus.*, supra, 210 Ga. App. at 291 (1); *Moore v. McNair.*[4] Given these circumstances, "no claims remained upon which the court could grant summary judgment." *Moore*, supra, 145 Ga. App. at 888.

Citing *Southern Electronics Distrib. v. Marsh,*[5] the Bank argues that its motion for summary judgment constituted notice that it intended to pursue its counterclaim despite the dismissal of the complaint and that ruling to the contrary would elevate form over substance. This argument is unpersuasive. In *Southern Electronics Distrib.*, we held that the defendant's

> filing and service of his partial summary judgment motion *following* [plaintiff's] filing of the voluntary dismissal clearly put [plaintiff] on notice that despite the filing of its proposed dismissal, [defendant] intended to pursue his counterclaim and did not consent to or acquiesce in having his counterclaim dismissed.

(Emphasis supplied.) Supra, 229 Ga. App. at 822 (1). Thus, it was the fact that defendant filed its summary judgment motion *after* plaintiff's dismissal which allowed the motion to serve as sufficient notice of defendant's objection. Filing a summary judgment motion *prior* to Mize's dismissal did not provide the required subsequent notice that the Bank intended to pursue its counterclaim despite the dismissal of the complaint. Accordingly, the trial court erred in granting summary judgment in favor of the Bank on its counterclaim. See *Moore*, supra, 145 Ga. App. at 888.

*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED MARCH 25, 2009

Steven Mize, *pro se.*

---

[2] *Weaver v. Reed*, 282 Ga. App. 831, 832 (640 SE2d 351) (2006).

[3] *D. P. S. Indus. v. Safeco Ins. Co. of America*, 210 Ga. App. 289, 290 (1) (435 SE2d 762) (1993).

[4] *Moore v. McNair*, 145 Ga. App. 888 (245 SE2d 25) (1978).

[5] *Southern Electronics Distrib. v. Marsh*, 229 Ga. App. 821, 822 (1) (495 SE2d 43) (1997).