A10A0730. MIZE v. FIRST CITIZENS BANK & TRUST COMPANY, INC.

(691 SE2d 648)

BLACKBURN, Presiding Judge.

In this action involving a promissory note, pro se plaintiff Steven Mize successfully appealed a grant of summary judgment in favor of First Citizens Bank & Trust Company, Inc. (the "Bank"), on its counterclaim seeking payment on the note. See *Mize v. First Citizens Bank & Trust Co.*[1] Following this Court's reversal of the grant of summary judgment, Mize filed a motion to recover his appellate costs from the Bank, pursuant to OCGA § 5-6-5. After holding a hearing on the matter, which Mize did not attend, the trial court denied Mize's motion. Mize now appeals, arguing that the trial court erred in ruling that he had no right to a jury trial on his motion to recover his appellate costs under OCGA § 5-6-5. For the reasons set forth below, we affirm.

The general facts of this case are set forth in *Mize*, supra, as follows:

> [O]n May 5, 2005, Mize executed a promissory note in favor of the Bank for $102,524.50, which was secured by an earlier first priority deed to secure debt on property owned by Mize. In late 2007, Mize began failing to make the scheduled monthly payments on the note. Consequently, he met with a representative of the Bank to discuss his financial situation. Mize claims that as a result of this meeting, the Bank agreed to change the note's payment terms; however, the Bank disputes that any such agreement was reached.
>
> Thereafter, Mize filed suit against the Bank, alleging that the Bank's payment demands breached an oral agreement between the parties that had changed the note's payment terms. Subsequently, the Bank informed Mize that

---

[1] *Mize v. First Citizens Bank & Trust Co.*, 297 Ga. App. 6, 8 (676 SE2d 402) (2009).

> he was in default on the note for failure to make timely payments and for failure to pay taxes owed on the property that secured the note. A few weeks later, the Bank filed an answer and counterclaim, in which it denied Mize's allegations and sought payment of the entire amount due under the promissory note plus interest and attorney fees. On June 18, 2008, the Bank moved for summary judgment on its counterclaim, and two days later, the trial court issued an order setting an August 22, 2008 hearing date for that motion.
>
> Mize did not file a response to the Bank's motion for summary judgment. Instead, on August 18, 2008, four days before the scheduled hearing, he voluntarily dismissed his lawsuit pursuant to OCGA § 9-11-41 (a) (1) (A). The Bank did not file an objection to the dismissal. On August 22, 2008, the trial court held the scheduled hearing on the Bank's motion for summary judgment despite Mize's dismissal and despite the fact that he was not in attendance. Three days later, the court issued an order, granting the Bank's motion and awarding it the unpaid amount due on the promissory note, plus interest and attorney fees.

(Punctuation omitted.) Id. at 7. Mize appealed the grant of summary judgment, arguing that his voluntary dismissal terminated the entire action including the Bank's counterclaim. Citing *Moore v. McNair*,[2] we held that because the Bank did not object to Mize's dismissal, the entire action, including the Bank's counterclaim, was dismissed. *Mize*, supra, 297 Ga. App. at 8.

Following our reversal of the grant of summary judgment, Mize filed a motion, under OCGA § 5-6-5, to recover his appellate costs from the Bank, including costs for his time spent litigating the appeal. The Bank filed a response, and the trial court scheduled a hearing on the matter for September 4, 2009. On the day before the hearing, Mize filed a demand that the matter be heard by a jury. The next day the hearing went forward as scheduled without a jury, but Mize did not attend. Subsequently, the trial court issued an order, finding that Mize had no right to a jury trial under OCGA § 5-6-5 and denying Mize's motion to recover his appellate costs pursuant to that statute. This appeal followed.

In his sole enumeration of error, Mize contends that the trial court erred in finding that he had no right to a jury trial on his motion to recover appellate costs under OCGA § 5-6-5. This conten-

---

[2] *Moore v. McNair*, 145 Ga. App. 888 (245 SE2d 25) (1978).

tion is without merit.

"The right to a jury trial under our State Constitution is not as broad as that afforded under the Federal Constitution." (Punctuation omitted.) *Reheis v. Baxley Creosoting &c. Co.*[3] See *Swails v. State of Ga.*[4] In fact,

> [o]ur State Constitution does not track the broad language of the Seventh Amendment to the Federal Constitution preserving the right to jury trial "(i)n Suits at common law...." Instead, Art. I, Sec. I, Par. XI (a) provides that "(t)he right to trial by jury shall remain inviolate."... The provision of our State Constitution regarding the right to jury trial means that it shall not be taken away, *as it existed in 1798*, when the (first) instrument was adopted, *and not that there must be a jury in all cases.* New forums may be erected, and *new remedies provided*, accommodated to the ever shifting state of society.

(Punctuation omitted; emphasis in original.) *Swails*, supra, 263 Ga. at 278 (3), citing *Flint River Steamboat Co. v. Foster.*[5] See also *Hudson v. Abercrombie.*[6] Thus, our Supreme Court has concluded that "[t]here is no state constitutional right to a jury trial with respect to *proceedings of statutory origin unknown at the time the Georgia Constitution was adopted.*" (Punctuation omitted; emphasis in original.) *Swails*, supra, 263 Ga. at 278 (3).

OCGA § 5-6-5, the statute at issue in this appeal, was enacted in 1845. See Ga. Laws 1845, Cobb's 1851 Digest, p. 251. Therefore, the statutory procedure for the recovery of appellate costs was unknown in 1798. Accordingly, the trial court did not err in finding that Mize is not entitled to a jury trial on his motion to recover his appellate costs under OCGA § 5-6-5. Cf. *Hudson*, supra, 258 Ga. at 730 (2) (a) (because attorney fees were not allowable at common law, there is no State constitutional right to a jury trial on the issue of attorney fees); *Reheis*, supra, 268 Ga. App. at 262 (2) (because recovery of environmental cleanup costs was unknown in 1798, there is no right to a jury trial on this issue).

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED MARCH 9, 2010.

---

[3] *Reheis v. Baxley Creosoting &c. Co.*, 268 Ga. App. 256, 261 (2) (601 SE2d 781) (2004).
[4] *Swails v. State of Ga.*, 263 Ga. 276, 278 (3) (431 SE2d 101) (1993).
[5] *Flint River Steamboat Co. v. Foster*, 5 Ga. 194, 207-208 (1848).
[6] *Hudson v. Abercrombie*, 258 Ga. 729, 730 (2) (a) (374 SE2d 83) (1988).

Steven Mize, *pro se.*
*Sanders, Smith & Ranck, Janney E. Sanders*, for appellee.