**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 16, 2018**

# In the Court of Appeals of Georgia

A17A2005. BLANTON v. CRUMP HEATING & AIR, LLC et al.

BETHEL, Judge.

This appeal challenges a superior court order granting summary judgment to defendants on the basis that the plaintiff had previously settled the same claims in a magistrate court action. Because it is the law of this State that an attorney of record has apparent authority to enter into an agreement on behalf of his client, and such an agreement is enforceable against his client by other settling parties, and because the plaintiff provided no notice of his intention to pursue his counterclaim following the defendant's voluntary dismissal, we find that no genuine issue of material fact remains and affirm. *See Brumbelow v. N. Propane Gas Co.*, 251 Ga. 674, 674 (308 SE2d 544) (1983); *see also Weaver v. Reed*, 282 Ga. App. 831, 832-33 (640 SE2d 351) (2006).

OCGA § 9-11-56 (c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]"

> Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

*Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010) (citations and punctuation omitted).

So viewed, the evidence shows that in December 2010, Crump Heating & Air, LLC[1] installed a new heating, ventilation, and air conditioning ("HVAC") unit at Arthur Blanton's house in Valdosta. Over two years later, in February 2013, Blanton hired Crump Heating & Air to remove the old HVAC duct work in his house and install new duct work. After installing new duct work, Crump Heating & Air billed

---

[1] We note that in the record the company was identified as both "Crump Heating & Air" and "Crump Heating and Air." In this opinion, consistent with the notice of appeal and the caption of the order appealed from, we use "Crump Heating & Air."

Blanton for $3,600 for that work. Blanton refused to pay the bill, claiming that there was mold in the house due to a faulty HVAC system.

In April 2013, Crump Heating & Air filed a lawsuit against Blanton in magistrate court seeking payment of the $3,600 bill. Blanton filed an answer and counterclaim, alleging negligent installation of the HVAC system and breach of contract. The magistrate court scheduled a trial for May 29, 2013. The day before the trial, on May 28, 2013, Blanton wrote a check for $3,600 to his attorney. Blanton's attorney then paid $3,600 to Crump Heating & Air and notified the magistrate court in a letter that the trial was not necessary because the parties had settled the case. The magistrate court then sent notice to the parties that the trial was cancelled because the attorneys for both sides had indicated that a settlement had been reached. Several months later, on December 4, 2013, the magistrate court notified counsel for Crump Heating & Air that its action was still pending without a disposition and asked to be advised of the case status. On December 9, 2013, counsel for Crump Heating & Air responded by requesting that its claim be dismissed because it had settled. That same day, Crump Heating & Air filed a dismissal without prejudice of its magistrate court claim against Blanton.

A year later, in December 2014, Blanton and his former wife, Frances Blanton, filed the instant action in superior court against Crump Heating & Air, Michael Crump, Thomas Crump, and James Crump, claiming breach of contract, negligence, and breach of implied and express warranties arising out of the installation of the HVAC unit and duct work. Crump Heating & Air and the other defendants moved for summary judgment. The superior court granted the motion against Arthur Blanton on the ground that he had previously settled the same claims in magistrate court, but the court denied the motion as to Frances Blanton. In pertinent part, the trial court found "that plaintiff Arthur Blanton is barred from relitigating his claims against Crump Heating [&] Air due to the settlement reached in Magistrate Court. . . . Therefore, the Motion for Summary Judgment is hereby GRANTED as to Plaintiff Arthur Blanton." This appeal followed.

Blanton argues that the trial court erred in granting summary judgment based on a finding that the counterclaim had undisputably been settled. He contends that there is a dispute as to whether his counterclaim was included in the settlement agreement between the parties because the terms of an agreement were not memorialized in a written release or a signed dismissal of his counterclaim. We disagree because Blanton's argument is directly contradicted by evidence in the

4

record as well as Blanton's own admission which acknowledged that his attorney settled Crump's magistrate court claim of $3,600 for installation of the duct work.

As an initial matter, and despite Blanton's arguments on appeal that based on representations made to him by his attorney the settlement agreement did not encompass his counterclaim against Crump Heating & Air, nowhere in the record is it suggested that Blanton placed any limitations on his attorney's authority to negotiate or enter into the settlement agreement on his behalf. *Brumbelow*, 251 Ga. at 675 (2) ("The authority may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties." (citations omitted)). Thus, notwithstanding Blanton's allegations of misunderstandings between him and his attorney, throughout the pendency of the magistrate court case, Blanton's attorney was authorized to enter into a settlement with Crump Heating & Air on his behalf. *See Stephens v. Alan V. Mock Const. Co.*, 302 Ga. App. 280, 285 (1) (c) (690 SE2d 225) (2010) ("[A]n attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties." (citation omitted)).

Blanton argues that because there is no evidence of a dismissal or release signed by him to show that a meeting of the minds occurred or that a the full and final

settlement was reached, the letter sent by his attorney to the magistrate court alone is insufficient to demonstrate that an agreement was reached between the parties to settle both Crump Heating & Air's claim and Blanton's counterclaim. We are unpersuaded by this argument.

As this Court has previously held, the law allows letters or documents prepared by attorneys, such as the one sent by Blanton's attorney to the magistrate court, to suffice as memorialized evidence of a settlement agreement. *See Imerys Clays, Inc. v. Washington Cty. Bd. of Tax Assessors*, 287 Ga. App. 674, 675 (652 SE2d 580) (2007) (letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice in showing the existence of a binding agreement).

Here, the record shows that on the eve of trial, Blanton's attorney sent a letter to the magistrate court by which he unequivocally stated that the parties had reached a settlement in the case and that a hearing on the matter was no longer necessary. At the time he wrote the letter to the magistrate court, Blanton's attorney was aware of the existence of Blanton's counterclaim as part of the case but made no mention of the desire to shield that portion of the case from the settlement. Blanton admits that he wrote a check in the amount that Crump Heating & Air claim he owed to his attorney which was used to resolve the case. The record further shows that the

6

attorney for Crump Heating & Air entered an agreement with Blanton's attorney to drop his client's claims for attorney fees and expenses in exchange for payment of the outstanding bill and the forego of Blanton's counterclaim for damages. Although the record suggests that Blanton's attorney may not have informed Blanton of the details of the settlement reached with Crump Heating & Air, there is sufficient written evidence to establish that a settlement of all pending claims was in fact reached.

As our Supreme Court has held:

> Therefore, from the perspective of the opposing party, in the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority. The client's remedy, where there have been restrictions not communicated to the opposing party, is against the attorney who overstepped the bounds of his agency, not against the third party.

*Brumbelow*, 251 Ga. at 674-75 (2) (citations omitted).

While we are mindful that this Court has previously raised concerns about the harshness of a doctrine binding a client to a settlement he did not explicitly authorize, Blanton is bound by his attorney's actions within the scope of his apparent authority. *See generally*, *Vandiver v. McFarland*, 179 Ga. App. 411 (346 SE2d 854) (1986).

7

Blanton's only remedy, if any, in relation to his argument that his attorney exceeded his authority by settling the entire case, including his counterclaim, without his permission is with his attorney.

The record shows that nearly a year had passed between the time the voluntary dismissal of the magistrate court case was filed and when Blanton filed the instant action. During that time, he made no effort to preserve his counterclaim for independent adjudication nor did he provide notice that he intended to pursue his counterclaim. *See Howell*, 337 Ga. App. at 901 ("A defendant may sometimes preserve his counterclaim through actions short of a formal objection to a voluntary dismissal of the main claim." (citation and punctuation omitted)); *see also Weaver*, 282 Ga. App. at 832-33. Aside from his own self-serving affidavit, nothing in the record suggests that Blanton believed his counterclaim, which initially sought damages in excess of $5,000, remained pending for over a year and over 18 months after the settlement.[2] Thus, because Blanton did not object or make any indication of

---

[2] We note that the superior court action was filed 12 months after the dismissal of the magistrate court action. There is no record evidence that any action was taken by Blanton in the intervening time indicating that any claim from the original suit in magistrate court survived. Indeed, the superior court action giving rise to this appeal did not reference the prior action or Blanton's claims therein.

his intent to pursue his counterclaim, the entire action was dismissed. *See Mize v. First Citizens Bank & Tr. Co.*, 297 Ga. App. 6, 8 (676 SE2d 402) (2009).

*Judgment affirmed. Branch, J., concurs. McFadden, P. J., dissents.**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2 (a).**

A17A2005. BLANTON v. CRUMP HEATING & AIR, LLC et al.

MCFADDEN, Presiding Judge, dissenting.

Weighing the evidence and choosing between conflicting plausible inferences is the province of the jury. Because the majority invades the province of the jury I respectfully dissent.

Summary judgment is proper only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). In this case, the dispositive question is whether there is a genuine issue of material fact as to whether the settlement reached by Arthur Blanton and Crump Heating & Air, LLC in magistrate court included the counterclaims brought by Blanton against

Crump Heating & Air. There plainly is such a genuine issue of material fact. So the majority has erred in granting summary judgment against Blanton.

The majority has given short shrift to this dispositive issue of fact and has instead mistakenly focused on the ancillary question of whether Blanton's attorney had authority to settle on behalf of his client. Of course he had that authority. That question is not in dispute.

What is in dispute is whether or not Blanton's attorney — in exercising that authority — included Blanton's counterclaim in the magistrate court settlement. That issue can only be resolved by looking at the evidence in the record.

In support of their motion for summary judgment, the Crump Heating & Air filed the affidavit of Michael Crump, one of the owners of Crump Heating & Air, who stated that the attorneys for both sides had "reached a full and final settlement of the Magistrate Court case, wherein we agreed to drop our claim for attorney fees and expenses if Mr. Blanton would pay the outstanding $3,600.00 bill in full and forego his counterclaim for damages to his home allegedly caused by our negligence and breach of contract."

In response, Blanton filed his own affidavit. He averred that, although Crump's magistrate court claim for $3,600 had been settled by his attorney, he had not signed

2

a dismissal or release of his own claims and "[t]here was never any meeting of minds of [him] and the Defendants to settles his losses in the total amount of $335,268.23 for basically nothing." Blanton also deposed that he did not know his attorney was going to use the $3,600 check to pay Crump Heating & Air for its claim and he instead thought the money would be used to transfer the case from magistrate court to superior court. Moreover, approximately five months after Crump Heating & Air had dismissed its magistrate court action, Blanton filed a pro se statement of claim in magistrate court against his attorney, seeking to recover the $3,600 on the basis that the attorney had said he would have the case transferred to superior court.

The majority disregards this evidence, dismissing Blanton's affidavit as "self-serving." That is improper. The majority is weighing the credibility of the evidence. "[D]espite the apparent self-serving nature of [Blanton's] affidavit, whether his testimony is credible is not an issue that the trial court can determine on summary judgment." *Southern States-Bartow County, Inc. v. Riverwood Farm Prop. Owners Assn.,* 331 Ga. App. 878, 886 (5) (769 SE2d 823) (2015) (citations and punctuation omitted). Blanton had introduced at least some evidence from which a jury could find that he believed his case had not been settled.

Perhaps a contrary inference can be drawn from the amount of time it took Blanton to bring the superior court action — although any experienced lawyer knows all too well that the press of other business and the challenges of investigation and preparation often frustrate efforts to file before a deadline is imminent. It is for a jury, not this court, to weigh the evidence and decide what inferences to draw.

> The law favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced. In considering the enforceability of an alleged settlement agreement, however, a trial court is obviously limited to those terms upon which the parties themselves have mutually agreed. Absent such mutual agreement, there is no enforceable contract as between the parties. It is the duty of courts to construe and enforce contracts as made, and not to make them for the parties. The settlement agreement alleged to have been created in this case would have been the product of the attorneys for the parties. As the existence of a binding agreement is disputed, the proponent of the settlement must establish its existence in writing. The writing which will satisfy this requirement ideally consists of a formal written agreement signed by the parties. However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice.

*Johnson v. DeKalb County*, 314 Ga. App. 790, 793 (1) (726 SE2d 102) (2012) (citations and punctuation omitted).

In this case, the existence of a binding settlement agreement is disputed. There are letters prepared by the attorneys indicating that Crump Heating & Air's magistrate court claim was settled, and the authority of the attorneys who prepared them is not

4

in question. But those letters do not memorialize the terms of the agreement reached and do not specify that Blanton's counterclaim was also settled. Contrary to the conclusion of the majority, that letter completely fails to state any terms of the settlement agreement reached. It merely states: "The parties have reached a settlement in the above-styled case. Therefore, the hearing scheduled for Wednesday, May 29, 2013 at 1:30 p.m. is no longer necessary." It is true, as noted above, that letters prepared by attorneys *which memorialize the terms of a settlement agreement* will suffice. *Johnson*, supra. But the brief letter sent by Blanton's attorney, which contains no terms of the agreement, is not such a letter memorializing any settlement terms. Compare *Pourreza v. Teel Appraisals & Advisory*, 273 Ga. App. 880 (616 SE2d 108) (2005) (letters between attorneys memorializing the essential terms of a settlement offer and acceptance were sufficient to authorize court to grant motion to enforce the settlement agreement. *Herring v. Dunning*, 213 Ga. App. 695 (446 SE2d 199) (1994) (accord).

> While a [settlement] agreement may be oral, if the parties disagree on whether an agreement was reached, the agreement must be memorialized in a writing to be enforceable, and the absence of a writing prevents enforcement. If the parties agree that a settlement was reached but disagree as to its terms, the proponents of the settlement must establish its existence in writing. Ordinarily, for an attorney to bind his client to a settlement agreement where there is a dispute as to terms,

5

the agreement must be in writing. This requirement of a writing goes to the certainty that an agreement exists and to the certainty of the terms of the agreement, not to the question of consent of the client to the agreement.

*Imerys Clays, Inc. v. Washington County Bd. of Tax Assessors*, 287 Ga. App. 674, 675-676 (652 SE2d 580) (2007).

In this case, no writing, including the letter from Blanton's attorney to the magistrate court, shows the terms of any settlement agreement. Because there are genuine issues of material fact as to whether the counterclaim was included in the apparently oral settlement, the superior court's summary judgment ruling, premised on a finding that the counterclaim had in fact been settled, was erroneous. The majority's affirmance of that ruling, in light of the existing genuine issues of material fact, is likewise erroneous.