Bethel, Judge.
This appeal challenges a superior court order granting summary judgment to defendants on the basis that the plaintiff had previously settled the same claims in a magistrate court action. Because it is the law of this State that an attorney of record has apparent authority to enter into an agreement on behalf of his client, and such an agreement is enforceable against his client by other settling parties, and because the plaintiff provided no notice of his intention to pursue his counterclaim following the defendant's voluntary dismissal, we find that no genuine issue of material fact remains and affirm. See Brumbelow v. N. Propane Gas Co. , 251 Ga. 674, 674, 308 S.E.2d 544 (1983) ; see also Weaver v. Reed , 282 Ga. App. 831, 832-33, 640 S.E.2d 351 (2006).
OCGA § 9-11-56 (c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]"
Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.
Cowart v. Widener , 287 Ga. 622, 624 (1) (a), 697 S.E.2d 779 (2010) (citations and punctuation omitted).
So viewed, the evidence shows that in December 2010, Crump Heating & Air, LLC[1] installed a new heating, ventilation, and air conditioning ("HVAC") unit at Arthur Blanton's house in Valdosta. Over two years later, in February 2013, Blanton hired Crump Heating & Air to remove the old HVAC duct work in his house and install new duct work. After installing new duct work, Crump Heating & Air billed Blanton for $3,600 for that work. Blanton refused to pay the bill, claiming that there was mold in the house due to a faulty HVAC system.
In April 2013, Crump Heating & Air filed a lawsuit against Blanton in magistrate court seeking payment of the $3,600 bill. Blanton *127 filed an answer and counterclaim, alleging negligent installation of the HVAC system and breach of contract. The magistrate court scheduled a trial for May 29, 2013. The day before the trial, on May 28, 2013, Blanton wrote a check for $3,600 to his attorney. Blanton's attorney then paid $3,600 to Crump Heating & Air and notified the magistrate court in a letter that the trial was not necessary because the parties had settled the case. The magistrate court then sent notice to the parties that the trial was cancelled because the attorneys for both sides had indicated that a settlement had been reached. Several months later, on December 4, 2013, the magistrate court notified counsel for Crump Heating & Air that its action was still pending without a disposition and asked to be advised of the case status. On December 9, 2013, counsel for Crump Heating & Air responded by requesting that its claim be dismissed because it had settled. That same day, Crump Heating & Air filed a dismissal without prejudice of its magistrate court claim against Blanton.
A year later, in December 2014, Blanton and his former wife, Frances Blanton, filed the instant action in superior court against Crump Heating & Air, Michael Crump, Thomas Crump, and James Crump, claiming breach of contract, negligence, and breach of implied and express warranties arising out of the installation of the HVAC unit and duct work. Crump Heating & Air and the other defendants moved for summary judgment. The superior court granted the motion against Arthur Blanton on the ground that he had previously settled the same claims in magistrate court, but the court denied the motion as to Frances Blanton. In pertinent part, the trial court found "that plaintiff Arthur Blanton is barred from relitigating his claims against Crump Heating [&] Air due to the settlement reached in Magistrate Court. ... Therefore, the Motion for Summary Judgment is hereby GRANTED as to Plaintiff Arthur Blanton." This appeal followed.
Blanton argues that the trial court erred in granting summary judgment based on a finding that the counterclaim had undisputably been settled. He contends that there is a dispute as to whether his counterclaim was included in the settlement agreement between the parties because the terms of an agreement were not memorialized in a written release or a signed dismissal of his counterclaim. We disagree because Blanton's argument is directly contradicted by evidence in the record as well as Blanton's own admission which acknowledged that his attorney settled Crump's magistrate court claim of $3,600 for installation of the duct work.
As an initial matter, and despite Blanton's arguments on appeal that based on representations made to him by his attorney the settlement agreement did not encompass his counterclaim against Crump Heating & Air, nowhere in the record is it suggested that Blanton placed any limitations on his attorney's authority to negotiate or enter into the settlement agreement on his behalf. Brumbelow , 251 Ga. at 675 (2), 308 S.E.2d 544 ("The authority may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties." (citations omitted) ). Thus, notwithstanding Blanton's allegations of misunderstandings between him and his attorney, throughout the pendency of the magistrate court case, Blanton's attorney was authorized to enter into a settlement with Crump Heating & Air on his behalf. See Stephens v. Alan V. Mock Const. Co. , 302 Ga. App. 280, 285 (1) (c), 690 S.E.2d 225 (2010) ("[A]n attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties." (citation omitted) ).
Blanton argues that because there is no evidence of a dismissal or release signed by him to show that a meeting of the minds occurred or that a the full and final settlement was reached, the letter sent by his attorney to the magistrate court alone is insufficient to demonstrate that an agreement was reached between the parties to settle both Crump Heating & Air's claim and Blanton's counterclaim. We are unpersuaded by this argument.
As this Court has previously held, the law allows letters or documents prepared by attorneys, such as the one sent by Blanton's attorney to the magistrate court, to suffice as memorialized evidence of a settlement agreement.
*128 See Imerys Clays, Inc. v. Washington Cty. Bd. of Tax Assessors , 287 Ga. App. 674, 675, 652 S.E.2d 580 (2007) (letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice in showing the existence of a binding agreement).
Here, the record shows that on the eve of trial, Blanton's attorney sent a letter to the magistrate court by which he unequivocally stated that the parties had reached a settlement in the case and that a hearing on the matter was no longer necessary. At the time he wrote the letter to the magistrate court, Blanton's attorney was aware of the existence of Blanton's counterclaim as part of the case but made no mention of the desire to shield that portion of the case from the settlement. Blanton admits that he wrote a check in the amount that Crump Heating & Air claim he owed to his attorney which was used to resolve the case. The record further shows that the attorney for Crump Heating & Air entered an agreement with Blanton's attorney to drop his client's claims for attorney fees and expenses in exchange for payment of the outstanding bill and the forego of Blanton's counterclaim for damages. Although the record suggests that Blanton's attorney may not have informed Blanton of the details of the settlement reached with Crump Heating & Air, there is sufficient written evidence to establish that a settlement of all pending claims was in fact reached.
As our Supreme Court has held:
Therefore, from the perspective of the opposing party, in the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority. The client's remedy, where there have been restrictions not communicated to the opposing party, is against the attorney who overstepped the bounds of his agency, not against the third party.
Brumbelow , 251 Ga. at 674-75 (2), 308 S.E.2d 544 (citations omitted).
While we are mindful that this Court has previously raised concerns about the harshness of a doctrine binding a client to a settlement he did not explicitly authorize, Blanton is bound by his attorney's actions within the scope of his apparent authority. See generally , Vandiver v. McFarland , 179 Ga. App. 411, 346 S.E.2d 854 (1986). Blanton's only remedy, if any, in relation to his argument that his attorney exceeded his authority by settling the entire case, including his counterclaim, without his permission is with his attorney.
The record shows that nearly a year had passed between the time the voluntary dismissal of the magistrate court case was filed and when Blanton filed the instant action. During that time, he made no effort to preserve his counterclaim for independent adjudication nor did he provide notice that he intended to pursue his counterclaim. See Howell , 337 Ga. App. at 901, 789 S.E.2d 214 ("A defendant may sometimes preserve his counterclaim through actions short of a formal objection to a voluntary dismissal of the main claim." (citation and punctuation omitted) ); see also Weaver , 282 Ga. App. at 832-33, 640 S.E.2d 351. Aside from his own self-serving affidavit, nothing in the record suggests that Blanton believed his counterclaim, which initially sought damages in excess of $5,000, remained pending for over a year and over 18 months after the settlement.[2] Thus, because Blanton did not object or make any indication of his intent to pursue his counterclaim, the entire action was dismissed. See Mize v. First Citizens Bank & Tr. Co. , 297 Ga. App. 6, 8, 676 S.E.2d 402 (2009).
Judgment affirmed.
*129 *THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2 (a).
Branch, J., concurs. McFadden, P.J., dissents.*

We note that in the record the company was identified as both "Crump Heating & Air" and "Crump Heating and Air." In this opinion, consistent with the notice of appeal and the caption of the order appealed from, we use "Crump Heating & Air."

We note that the superior court action was filed 12 months after the dismissal of the magistrate court action. There is no record evidence that any action was taken by Blanton in the intervening time indicating that any claim from the original suit in magistrate court survived. Indeed, the superior court action giving rise to this appeal did not reference the prior action or Blanton's claims therein.