**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 1, 2021**

# In the Court of Appeals of Georgia

A20A1780. BREVIK v. BRADLEY.

MCFADDEN, Chief Judge.

In this domestic relations case, the order on appeal dismisses both a complaint and a counterclaim for lack of subject matter jurisdiction over the main claim. This appeal challenges dismissal of the counterclaim. Because the counterclaim was a complete prayer for relief independent of the complaint, the trial court erred in dismissing the counterclaim. So we reverse.

1. *Facts and procedural posture.*

Jessica Bradley, the plaintiff below, and Frank Brevik, the defendant and plaintiff in counterclaim below, were never married but have two children together. Brevik acknowledged paternity by signing both birth certificates and helping to raise and financially support the children. Bradley filed a complaint for

legitimation, and Brevik filed an answer and counterclaim also seeking legitimation.

The superior court instructed Bradley to amend her complaint to request paternity instead of legitimation, noting that Georgia law allows mothers to seek paternity and fathers to seek legitimation. See OCGA § 19-7-43 (authorizing mothers to petition for establishment of paternity); OCGA § 19-7-22 (authorizing fathers to petition for legitimation). Bradley's counsel, however, failed to amend the complaint and instead indicated to Brevik's counsel that Bradley prefered to dismiss the complaint. Bradley did not file a written notice of dismissal. Nevertheless, Brevik filed a formal objection to dismissal.

The superior court entered an order dismissing the action in its entirety. The trial court found that it lacked subject matter jurisdiction over the counterclaim because it lacked subject matter jurisdiction over the main claim. The father applied for a discretionary appeal, the application was granted, and this appeal followed.

2. *The counterclaim*.

Review of an order dismissing a complaint for lack of subject matter jurisdiction is de novo. *Babb v. Babb*, 293 Ga. App. 140, 140 (1) (666 SE2d 396)

2

(2008). Applying that standard, we find an error in the trial court's dismissal of the counterclaim.

The trial court's reasoning — that a counterclaim cannot be adjudicated in the absence of jurisdiction over the main complaint — is not supported by Georgia law. Our law is to the contrary. A properly pleaded counterclaim may be independently adjudicated upon dismissal of the main claim. See *Mize v. First Citizens Bank & Trust Co.*, 297 Ga. App. 6, 7-8 (676 SE2d 402) (2009) (holding that a counterclaim may survive the plaintiff's voluntary dismissal of the complaint); *Record Town v. Sugarloaf Mills Ltd. Partnership of Ga.*, 301 Ga. App. 367, 371 (4) (687 SE2d 640) (2009) (holding that a counterclaim may survive involuntary dismissal of the complaint).

Where a counterclaim stands as "a complete claim which could be adjudicated without regard to [the original] complaint," it should remain pending before the court. *Reed v. Reed*, 295 Ga. 574, 577 (1) (761 SE2d 326) (2014). In such a case, the trial court's jurisdiction to resolve the counterclaim exists independently of its jurisdiction over the original action. Id.

Here, the father's counterclaim for legitimation was properly pleaded and stated a complete prayer for relief. A claim for legitimation must "set forth the

3

name, age, and sex of the child, [and] the name of the mother." OCGA § 19-7-22 (c). The claim may also set forth "claims for visitation, parenting time, or custody." Id. 19-7-22 (g). The counterclaim identifies the mother by name and the children by name, age, and sex, while also making claims for custody and support. The trial court had jurisdiction over the counterclaim and so could have proceeded with its adjudication even after dismissal of the main complaint. See *Weaver v. Reed*, 282 Ga. App. 831, 834 (640 SE2d 351) (2006) (holding that the trial court erred in concluding it lacked jurisdiction over a counterclaim after the main action was dismissed).

Consequently, the trial court erred in dismissing the father's counterclaim for legitimation.

*Judgment reversed. Doyle, P. J., and Hodges, J., concur.*

4