# Court of Appeals
# of the State of Georgia

ATLANTA,  February 10, 2022

*The Court of Appeals hereby passes the following order:*

**A21A1641.  SHARON R. CUPPETT v. STEVEN DONALD MIRTSCHINK et al.**

Appellant Sharon R. Cuppett filed a complaint in the Superior Court of Cobb County against Georgia residents Steven Donald Mirtschink and Teri Taylor Mirtschink (collectively "Appellees") seeking damages for injuries Cuppett received while renting a property Appellees owned in Alabama. As part of her complaint, Appellant sought a declaration concerning whether Alabama or Georgia law should apply to her claims, and the trial court thereafter entered an order concluding that the substantive law of Alabama applied under the rule of lex loci delicti.

Subsequently, Appellees filed a motion for summary judgment, asserting that Alabama law controlled the substantive claims and issues, and the trial court granted their motion. Appellant then filed this appeal.

Our review of this matter is de novo. As part of our consideration of this appeal, we have determined that the trial court did not conduct a complete analysis in determining that Alabama substantive law applies in this case, and that the trial court should have applied the analysis set out by our Supreme Court in *Coon v. Med. Center, Inc.*, 300 Ga. 722 (797 SE2d 828) (2017). "[A]n appellate court cannot affirm a judgment based on an erroneous legal theory." *Imerys Clays, Inc. v. Washington County Bd. of Tax Assessors*, 287 Ga. App. 674, 676 (652 SE2d 580) (2007). See also *In re Estate of McKitrick*, 326 Ga. App. 702, 704 (2) (a) (757 SE2d 295) (2014) (invoking de novo standard of review to address a ruling by the lower court even where parties do not challenge the ruling on appeal). Because the trial court's order granting Appellees' motion for summary judgment was predicated on an incomplete

legal analysis concerning whether to apply Alabama or Georgia law, the order entered on June 6, 2019 concerning the choice-of-law issue and the order entered on May 3, 2021 granting Appellees' motion for summary judgment must be vacated and this matter remanded to the trial court for further proceedings consistent with this order. See *Smith v. Northside Hosp., Inc.,* 302 Ga. 517, 530 (1) (807 SE2d 909) (2017) (remanding case to trial court for application of correct standard); *Rowe Dev. Corp. v. Akin & Flanders, Inc.*, 240 Ga. App. 766, 769 (3) (525 SE2d 123) (1999) (case remanded to trial court to apply proper analysis).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __02/10/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*